[No. 4701. Decided August 7, 1903.]

JAMES P. GLEASON, *Appellant*, v. J. E. HAWKINS, *Administrator, et al., Respondents.*

MORTGAGES — DEATH OF MORTGAGOR — LIMITATION ON FORECLOSURE.

A mortgage lien upon real estate, being capable of enforcement against the successors in interest of a deceased mortgagor, without the intervention of probate proceedings, an action to foreclose would be governed by the general statute (Bal. Code, § 479C) limiting right of action to six years.

SAME — ENFORCEMENT AGAINST PERSONAL REPRESENTATIVE — LIMITA-
TIONS.

Bal. Code, § 4810, which authorizes action within one year
after the issuance of letters testamentary or of administration, in
cases where the debtor died before the bar of the statute had
intervened, is superseded by the later enactment of Id., § 4642,
which provides that no real estate of a deceased person shall be
liable for his debts unless letters testamentary or of administra-
tion be granted within six years from the date of death of such
decedent," and hence mortgage foreclosure proceedings against a
decedent's realty, brought within one year after the issuance of
letters, but not until twenty years after the mortgagor's death,
were barred.

SAME — CLAIM AGAINST MORTGAGOR'S ESTATE.

Although the right of a creditor to enforce a mortgage lien
against a decedent may be barred within six years, he is entitled
to its allowance as a claim to be paid out of the decedent's per-
sonal estate, when duly presented to the administrator, notwith-
standing the fact that a period of twenty years may have elapsed
between the death of the mortgagor and the appointment of his
representative.

SAME — PARTIES DEFENDANT — ESTOPPEL OF PLAINTIFF TO DISPUTE
INTEREST.

Where a mortgagee makes parties defendant to his action for
foreclosure and seeks relief against them, under the allegation
that they claim some interest in the premises inferior to his own,
they have a right to insist that he set up a valid cause of action
in himself before being called upon to plead their own title.

Appeal from Superior Court, King County.—Hon. Rob-
ert B. Albertson, Judge.  Reversed in part.

*Roberts & Leehey,* for appellant.

*John F. Dore* and *Kenneth Mackintosh,* for respond-
ents:

Upon the point that the action was begun too late, be-
cause no administration was had upon the estate of the
maker of the note and mortgage until more than eighteen
years after his death and because plaintiff made no attempt

to collect his claim for more than twenty-one years after
it arose, counsel cite *Bauserman v. Charlott,* 26 Pac. 1051;
*Bauserman v. Blunt,* 147 U. S. 647 (37 L. ed. 316) ; *Kulp
v. Kulp,* 21 L. R. A. 550; *Spokane County v. Prescott,* 19
Wash. 418.

The plaintiff cannot now foreclose his mortgage, he
having been able to begin his action against the heirs of
this mortgagor over eighteen years ago.    *Anrud v. Scandi-
navian-American Bank,* 27 Wash. 16;    *George v. Butler,*
26 Wash. 456; *Denny v. Palmer,* 26 Wash. 469; *Ray-
mond v. Bales,* 26 Wash. 493; *Hanna v. Kasson,* 26 Wash.
568.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant, plaintiff below,
brought this action to foreclose a mortgage upon certain
real property situated in King county, Washington. The
action was commenced January 23, 1903. Demurrers to
the complaint were interposed by the several defendants
and sustained by the court, whereupon the appellant de-
clined to plead further, and a judgment of dismissal of
the action was entered, from which this appeal is taken.
In his complaint the appellant alleged in substance that
on March 5, 1881, at Portland, Oregon, one Albert Carr
made and delivered to Mary H. Carr his promissory note
for $60.00, due six months from date, and secured the
same by a mortgage upon the real property above men-
tioned; that the mortgagor died at Portland, Oregon,
within three years from the time of the maturity of the
note, and no administration of his estate in that state
was ever had; that no administration on his estate was
had in this state until December 5, 1902, when the respon-
dent, Hawkins, was appointed such administrator. It
was further alleged that no part of the principal or interest

due upon the note had ever been paid; that the note and mortgage were duly assigned to the plaintiff; that the same, together with the mortgage, was presented to the administrator as a claim against the estate of Albert Carr, deceased, and by the administrator rejected. The eighth paragraph of the complaint is as follows:

"That the defendants herein named, Charles D. Knight, Cassen Dana Knight, Annie M. Brown, Charles D. Knight, as administrator of the estate of John A. Stafford, deceased, and Annie M. Brown and A. L. Brown, as executrix and executor of the estate of Amos Brown, deceased, Mrs. F. J. Anderson and John Doe Anderson, her husband, have or claim to have some interest or claims upon said premises or some part thereof, which interest or claims, however, if any exist, are wholly subsequent in date and inferior to plaintiff's mortgage and subject to the lien thereof."

The prayer is that the appellant have judgment against the estate of Albert Carr, and against the respondent J. E. Hawkins, as administrator thereof, for the amount due on the note, that the mortgage be foreclosed and the property therein described be sold to satisfy the amount found to be so due, and that the claims or interests of the other defendants in the property be adjudged inferior to the lien of the mortgage. The demurrers were sustained on the ground that the action was barred by the statute of limitations, and the correctness of this ruling is the principal question presented in the argument here.

By reference to the dates above given it will be noticed that over twenty years had elapsed between the maturity of the note and the time any proceeding was commenced looking to its enforcement. It is the contention of the respondents that the right to enforce it after this lapse of time is barred both by the general statute of limitations,

which requires that an action upon a contract in writing, or liability expressed or implied arising out of a written agreement, be commenced within six years after the cause of action accrued, and by the special statute of 1895, which provides that no real estate of a deceased person shall be liable for his debts unless letters testamentary or of administration be granted within six years from date of the death of such decedent. Code, §§ 4798, 4642 (Ballinger's). On the other hand, the appellant claims that his right of action is saved by virtue of the provisions of § 4810 of the Code (Id.), which provides:

. "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

The contention of the respondents, in so far as it relates to the right to foreclose the mortgage, or the right to enforce the payment of the debt out of any of the real property of the deceased debtor, we think is the correct one. A mortgage, while it is but a mere lien, and is but ancillary to the debt which it is given to secure, is capable of enforcement against the mortgaged property, though the mortgagor be deceased, in a direct suit brought for that purpose against the heirs of the mortgagor, or, rather, the person or persons in whom the legal title to the mortgaged property is vested at the time of the foreclosure; that is, it is not necessary, in order that the mortgaged property may be subjected to the payment of the debt it is pledged to secure, that a probate procedure be instituted, and the debt be presented to the executor or administrator, before a suit can be instituted to foreclose the mortgage. *Scammon v. Ward,* 1 Wash. 179 (23 Pac. 439); *Reed v.*

*Miller,* 1 Wash. 426 (25 Pac. 334). And as the right to subject the mortgaged property to the payment of the mortgaged debt is not affected by the death of the mortgagor, it follows that the statute would run against the right, and that the action must be begun within the statutory period. *Hibernian Savings & Loan Society v. Conlin,* 67 Cal. 178 (7 Pac. 477). But if this were not so, the present mortgage is barred in any event by the statute of 1895 above cited. That statute is subsequent in time to the one relied upon by the appellant, and clearly exempts the real estate of every deceased person from the payment of his debts, unless letters testamentary or of administration be granted within six years from the date of the death of such person. Here over twenty years elapsed between the death of the mortgagor and the grant of letters of administration, and "To hold that real estate of a deceased person, under said act, is liable for debts of any class,—either of those contracted by decedent before his death, or those contracted after for funeral expenses, or in administration, after the six years had expired,—would be to defeat the object of the act." *In re Smith's Estate,* 25 Wash. 539, 543 (66 Pac. 93). The court, therefore, did not err in holding that the real property mentioned could not be subjected to the mortgage debt.

But, notwithstanding the right to foreclose the mortgage or collect the debt out of the real property of the deceased debtor is barred by the statute, the creditor still has, we think, the right to have his claim allowed by the administrator to be paid, as other claims of the estate must be paid, out of the personal property in the hands of the administrator belonging to the estate. The statute destroys the lien of the debt at the end of six years upon the deceased debtor's real property, but keeps it alive in

so far as his personal property is concerned. The debt should, for that reason, have been allowed as a claim against the estate.

The appellant contends, however, that these questions cannot be raised by the respondents other than the administrator. He argues that, inasmuch as the only reference made to such respondents is by the paragraph above quoted in full, it does not appear on the face of the complaint that they have any such interest in the premises as will entitle them to question the appellant's right to foreclose; that they must first set up a superior title in themselves before they can question the sufficiency of his complaint. But it is a sufficient answer to this objection to say that the appellant has made them parties to the action, and sought relief against them. This is a confession that they are proper parties, and they have the right to insist that the appellant set up a valid cause of action in himself before they are called upon to plead their own title.

It follows, therefore, that the judgment appealed from must be affirmed as to all of the defendants except the administrator; as to him it must be reversed, and remanded with instructions to allow the claim of the appellant as one of the acknowledged debts of the estate, to be paid in due course of administration. The remittitur will go accordingly.

HADLEY, ANDERS, DUNBAR and MOUNT, JJ., concur.