[No. 4746.   Decided April 4, 1904.]

DANIEL FREW, *Appellant*, v. E. W. CLARK, *as Adminis-trator of the Estate of John Hull, Deceased, Respondent.*[1]

APPEAL—BOND—JUSTIFICATION OF SURETIES.   An appeal will not be dismissed because of defects in the form of the justification of the sureties on the appeal bond where no objection was made in the court below, as the objection is one going to the sufficiency of the sureties.

[1]Reported in 76 Pac. 85.

36-34 WASH.

STATUTE OF LIMITATIONS — CLAIM AGAINST DECEDENTS — AC-
TION UPON NOTE AND MORTGAGE — DEATH OF MAKER — PRESENTA-
TION OF CLAIM AGAINST ESTATE—RIGHT OF ACTION ON NOTE SUS-
PENDED BY DEATH.    Where the maker of a note secured by
mortgage dies before the statute of limitations has run, the
holder, upon presenting the claim to the administrator within
the year limited to creditors, is entitled to have the same
allowed against the estate, and such presentation will prevent
the running of the statute of limitations against the note.

SAME — RIGHT OF ACTION ON MORTGAGE — BARRED AFTER SIX
YEARS FROM MATURITY — NOT SUSPENDED BY DEATH OF MAKER.
But in such case the right of action upon the mortgage is barred
after the lapse of six years after the maturity of the note, since
the death of the maker did not suspend the right of action on
the mortgage, and upon the allowance of the claim against the
estate, the holder is not entitled to any preferential rights in
the mortgaged property.

Appeal from a judgment of the superior court for Co-
lumbia county, Chadwick, J., entered March 4, 1903,
upon sustaining a demurrer to the complaint, dismissing
an action brought to compel the allowance of claims
against an estate.    Reversed.

*J. N. Pickrell* and *Thomas Neill*, for appellant.

*Lester S. Wilson* and *Samuel R. Stern*, for respondent.

FULLERTON, C. J.—On January 10th, 1890, John A.
Hull executed and delivered to Orley Hull his promis-
sory note for $600 due ten months after date; and on
January 5th, 1891, he, together with his wife, S. R. Hull,
executed and delivered their joint promissory note to B.
G. Prater for $640, due on November 1st of that year.
These notes were secured by mortgages on real property
situated in Columbia County, executed concurrently with
the notes.    John A. Hull died intestate in Columbia
county on November 7, 1895, leaving estate therein con-
sisting of real and personal property.    On the 8th day of

October, 1901, the respondent, E. W. Clark, was duly appointed administrator of his estate, and is now acting as such. Within the year after the appointment and qualification of the administrator, the appellant, who was then, and is now, the owner and holder of the notes and mortgages above mentioned, duly presented them to the administrator as claims against the estate of John A. Hull, deceased. The administrator rejected the claims, and this action was instituted to have them allowed. A demurrer to the complaint was interposed and sustained, and, on the appellant's refusal to plead further, judgment for costs, and of dismissal, was entered against him. This appeal is from the judgment so entered.

The respondent moves to dismiss the appeal, because of defects in the form of the justification of the sureties on the appeal bond, claiming that it does not appear clearly therefrom that the sureties justify in twice the amount of the penalty of the bond, or that each surety is worth the sum for which he justifies in his own right. The wording of this part of the bond is not as clear as it could have been made, but the bond is good against an objection made for the first time in this court. The objection is one going to the sufficiency of the sureties, and we have held that such an objection, to be available, must be taken in the court below. See, *Weiser v. Holzman,* 33 Wash. 87, 73 Pac. 797, where the cases will be found collected. The motion to dismiss must be denied.

From an examination of the dates above given, it will be observed that the maker of the notes, John A. Hull, died some five years after the first note matured, and that no administration of his estate was had until nearly five years and eleven months after his death. The trial court sustained the demurrer to the complaint on the ground

that the right to collect the notes from the estate of the deceased debtor was barred by the statute of limitations. The correctness of this ruling is the single question presented by this appeal.

The question presented was before this court, in substantially all of its aspects, in the case of *Gleason v. Hawkins*, 32 Wash. 464, 73 Pac. 533. In that case it was sought, by the process of issuing letters of administration on his estate, to hold certain real estate of a deceased debtor to the payment of a mortgage executed thereon some twenty-one years prior to the application for such letters, which application was made nearly eighteen years after the mortgagor's death. We held that the right to charge the real property with the lien of the mortgage was barred, both by the general statute of limitations, which limits the right to sue upon a written instrument to a period of six years from the time the cause of action accrues, and the special statute of 1895, which exempts the real property of a deceased person from liability for his debts unless letters of administration or letters testamentary are issued on his estate within six years from the date of his death. But we further held that the debt itself was kept alive by the latter clause of § 4810, Bal. Code, which provides:

"If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of the time and within one year from his death. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration;"

and that the creditor was entitled to have his debt allowed as one of the acknowledged debts of the estate, to be paid in the ordinary course of administration.

These principles are controlling here. The debts represented by the promissory notes were not barred prior to the death of the debtor, and were presented for allowance to the administrator of the deceased debtor within one year after the issuance of letters of administration on his estate. This was the commencement of the action contemplated by the statute above quoted, and entitled the claim to be allowed as a claim against the estate, to rank with the other acknowledged debts of the estate, and to be paid accordingly.

The appellant, however, asks further that his claims be declared preferred claims against the real property described in the mortgages given to secure the same, but this question was also met and determined adversely to the contention in the case above cited. We there held that, as the lien of the mortgage was one that could be enforced by the mortgagee against the mortgaged property in a direct action even after the death of the mortgagor, the right was barred at the end of the general statutory period. That rule is applicable here. The appellant, therefore, while he has the right to have his claim allowed as a general claim against the estate, has no preferential rights in any of the property thereof, but stands in the position of a general creditor.

As we base this decision wholly on a former decision of this court, it is but fair to the trial judge to say that the decision relied on was not announced by this court until after the judgment in this case had been entered in the court below.

The judgment is reversed, and the cause remanded with instructions to enter a judgment directing the adminis-

trator of the estate of John A. Hull, deceased, to allow the claims sued upon as claims against that estate, to rank with the claims of other general creditors.

DUNBAR, HADLEY, and MOUNT, JJ., concur.