[No. 6207. Decided September 5, 1906.]

HENRY FUHRMAN, *Appellant,* v. JAMES POWER, *Respondent.*[1]

PROCESS — SERVICE — PUBLICATION —DELAY—MORTGAGES—FORECLOS-URE. In an action for the foreclosure of a mortgage, service of summons by publication must be commenced and the first publication made before the lapse of ninety days after the filing of the complaint, or the judgment will be void.

CONSTITUTIONAL LAW—DUE PROCESS—EXECUTORS AND ADMINIS-TRATORS—DEBTS OF DECEASED. Bal. Code, §4642, providing that no real estate of a deceased person shall be liable for his debts unless administration be granted within six years, is not unconstitutional as depriving a mortgagee of property without due process of law, where the debt was due at the time of the mortgagor's death, although such death was unknown to the mortgagee.

ACTIONS—COMMENCEMENT. Where the filing of a complaint is not followed by service within the time required by statute, the action is not commenced.

LIMITATION OF ACTIONS—SUSPENSION. The running of the statute of limitations upon an action to foreclose a mortgage is not suspended by the death of the mortgagor, although such death was unknown to the mortgagee.

EXECUTORS AND ADMINISTRATORS—DEBTS OF DECEASED—MORTGAGES —DELAY IN SECURING ADMINISTRATION. Where no administration upon the estate of a deceased person has been taken out within six years after his death, his real estate cannot, under Bal. Code, §4642, be subject to a mortgage foreclosure, although no one appears to defend the action as to a portion of the title.

[1]Reported in 86 Pac. 940.

MORTGAGES — MORTGAGEE'S POSSESSION — UNOCCUPIED LANDS. A mortgagee under a void foreclosure of timber lands which have never been actually occupied cannot claim as a mortgagee in possession, since his possession must be actual and not constructive.

SAME—PAYMENT OF TAXES. A mortgagee's purchasing of timber lands at a foreclosure sale and the paying of taxes thereon does not constitute actual possession, since the payment of taxes alone is not evidence of ouster or a taking of actual possession.

SAME—PAYMENT OF TAXES—LIEN—INTEREST. One who pays taxes upon property purchased in good faith at a void execution sale is entitled to a lien for the taxes with interest at the legal rate only, and not at the rate fixed for penalty upon delinquent taxes.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered May 17, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

*Million & Houser*, for appellant, cited: *Freeland v. Williams*, 131 U. S. 405, 33 L. Ed. 193; *Holden v. Hardy*, 169 U. S. 366, 42 L. Ed. 780; *Dartmouth College v. Woodward*, 4 Wheat. 518, 4 L. Ed. 629; *Terry v. Anderson*, 95 U. S. 628, 24 L. Ed. 365; *Bettman v. Cowley*, 19 Wash. 207, 53 Pac. 53, 40 L. R. A. 815; *Swinburne v. Mills*, 17 Wash. 611, 50 Pac. 489, 61 Am. St. 932; *Barnitz v. Beverly*, 163 U. S. 118, 41 L. Ed. 93.

*J. L. Corrigan*, for respondent.

HADLEY, J.—This is an action to foreclose a mortgage. The historical facts and circumstances disclosed by the pleadings and findings of the court are as follows: On April 26, 1893, one Finley B. Garrison executed and delivered to plaintiff his promissory note for the sum of $500, due one year after date, with interest. On the same day the said Garrison, being then an unmarried man, executed and delivered to plaintiff a mortgage upon certain real estate in Skagit county, Washington, the mortgage being given to secure the payment of said note. No part of the note has been paid except the

sum of $25, which was paid on March 30, 1894. For the purpose of protecting his security, the plaintiff has paid all taxes upon said property since the execution of the mortgage, amounting in the aggregate to $365, no part of which has been repaid to plaintiff. On the 13th day of June, 1894, said Finley B. Garrison died intestate. At the time of his death he was a resident of this state, and he left neither wife nor children surviving him. He, however, left surviving him his father, Samuel B. Garrison, and his mother, ———— Garrison, neither of whom has ever been a resident of this state. In the month of June, 1896, the mother died, leaving as her heirs her said husband and the following children, who are brothers and sisters of said Finley B. Garrison, viz.: Ida E. Bartz, Charles E. Garrison, Myrtle May Lusk, Mary Weaver, Ola Garrison, Thomas Garrison, and B. S. Garrison. No one of the brothers and sisters has resided in this state except said Thomas Garrison, Ola Garrison, and Myrtle May Lusk, they having resided continuously in this state for more than ten years last past, prior to the commencement of this action.

No letters of administration have ever been issued, and no probate proceedings have ever been instituted in this state concerning the estate of Finley B. Garrison or that of his said mother. On the 20th day of April, 1900, the plaintiff filed with the clerk of the superior court of Skagit county a complaint for the foreclosure of said mortgage. Summons was issued and return was made that said Finley B. Garrison could not be found in said county. Thereafter affidavit as to nonresidence was filed, and an order for publication summons in the action was made by the court. Such a summons was issued and was first published on the 11th day of October, 1900. On the 15th day of April, 1901, judgment by default was entered in the action, foreclosing the mortgage and ordering the property sold for the satisfaction of the debt. On the 18th day of May, 1901, the sheriff sold the property under

such order of sale, and the plaintiff was the purchaser. The sale was confirmed and on the 20th of May, 1902, a sheriff's deed was executed and delivered to plaintiff, which deed was thereafter duly recorded. At the time of the commencement of said foreclosure proceedings, of the taking of the judgment, and of the sale of the property, the plaintiff had no knowledge of the death of Finley B. Garrison.

The present action to foreclose the same mortgage was commenced in June, 1904. Samuel B. Garrison, father of the mortgagor as above stated, was made a party defendant, together with all other persons unknown claiming any interest in the mortgaged land. Publication summons was issued and published, and one James Power appeared as defendant. He answered, setting up many of the foregoing facts, and alleging that he is the grantee of the interests of all of the aforesaid heirs except that of B. S. Garrison. He also alleged that more than six years elapsed from the time the cause of action accrued before this action was commenced, and that it was not commenced within the time limited by law. He further alleged the facts as to the former foreclosure action, that no personal service was had therein, and that no summons was published until after the lapse of more than ninety days after the complaint was filed; that the judgment and all proceedings thereunder were void, and that they constituted a cloud upon the land which he asks to have removed. After a trial, the court found the facts substantially as above stated, and entered judgment denying foreclosure for the mortgage debt, but awarding judgment to the plaintiff for $365, the amount of taxes paid by him upon the property, with six per cent per annum interest thereon from the dates of the payments. The decree also declares said amount and the interest to be a lien upon the property, and orders the land sold for the satisfaction of the judgment. The plaintiff has appealed.

Appellant requested the trial court to find that the proceedings under the first foreclosure were regular, valid, and

of binding force and effect. Such request seems to be inconsistent with appellant's theory when he instituted this, a second foreclosure action. By the bringing of the present action he must have conceded that the former foreclosure was irregular and not of binding force and effect. In any event, without reference to the fact that the mortgagor was dead at the time the action was brought and the judgment rendered, this record shows that the only service was by publication summons, and that the first publication was not made until more than ninety days after the complaint was filed. There was therefore no service upon which judgment could have been rendered. *Deming Investment Company v. Ely,* 21 Wash. 102, 57 Pac. 353. The court did not err in holding the first foreclosure proceedings void.

Appellant argues that the statute of 1895, Laws 1895, page 198, as found in Bal. Code, § 4642 (P. C. § 2720), is unconstitutional in that it deprives him of his property without due process of law. The section is as follows:

"No real estate of a deceased person shall be liable for his debts unless, letters testamentary or of administration be granted within six years from the date of the death of such decedent."

While the constitutionality of the above statute was not discussed, yet its validity was recognized and the act was construed in *Gleason v. Hawkins,* 32 Wash. 464, 73 Pac. 533, and again in *Frew v. Clark,* 34 Wash. 561, 76 Pac. 85. It was held that the statute bars the right to enforce a lien against the deceased's real estate after six years from his death, unless letters testamentary or of administration have been issued within that time, but that it keeps alive the debt itself so that it may be filed as a claim against the estate when administration may have been instituted after six years. We are unable to see that the statute deprives appellant of his property without due process of law. The debt was due when the mortgagor died, and the six years' time allowed thereafter

for the institution of administration proceedings is ample and reasonable. In ordinary experience a mortgagee would learn of the death of his mortgagor within six years. But in any event the death of the mortgagor does not suspend the running of the general statute of limitations, whether the fact be known to the mortgagee or not. It was held in the above cited cases that a mortgage lien upon real estate may be enforced against the successors of a deceased mortgagor without the intervention of probate proceedings, and that an action to foreclose is governed by the general statute of limitations limiting the right of action to six years. This action was not so commenced, and it is therefore barred. Appellant insists that he did not know of the death of the mortgagor within the period of the general statute of limitations. The statute makes no provision for extended time in such a case, and it was the manifest duty of the appellant to commence his action against some one, at least, within the general statutory period. If by being diligent in commencing an action in regular form on the theory that the mortgagor is still alive, he is entitled to consideration notwithstanding the statute, when it develops that the mortgagor is in fact dead, he must, in any event, have duly commenced such an action. This court, in *Deming Investment Co. v. Ely, supra,* said:

"When the action is initiated by filing the complaint for service by publication of the summons, it is not commenced within the meaning of the statute until commencement of service by publication."

That appellant really commenced no action within the statutory period is, therefore, apparent from what has been hereinbefore said.

It is suggested that foreclosure should have been awarded as to the one-fourteenth interest of B. S. Garrison who did not appear in this action either by himself or grantee. It is true no one pleaded the general statute of limitations as to that interest, but under the terms of Bal. Code, § 4642 (P. C. § 2720), *supra,* the lien cannot be enforced.

It is next urged that appellant is at least a mortgagee in possession by reason of the former void foreclosure. Ordinarily a mortgagee in possession is one who holds actual possession with the consent of the mortgagor, but this court following the rule of other courts has extended the rights of a mortgagee in possession to one who has in good faith taken possession as the result of a void foreclosure. The possession must, however, be actual and not merely constructive. If it is not with the assent of the mortgagor and is merely by virtue of a void foreclosure, it is in its nature adverse. The court in this case found as follows :

"That the said real estate is timber land, is not actually occupied and never has been occupied by any person; that the only possession which the plaintiff had or took of said premises was constructive possession from his acts in foreclosing said mortgage as aforesaid, and buying said property at sheriff's sale and paying the taxes thereon."

The above does not show that actual possession was at any time taken by appellant.

"Payment of taxes alone does not constitute adverse possession, and is not of itself evidence of ouster; but together with other acts of ownership and circumstances indicating possession the payment of taxes may be considered as evidence of the claim of ownership, and may be admitted as evidence of the extent of the title claimed." 1 Am. & Eng. Ency. Law (2d ed.), p. 831.

It cannot therefore be held that appellant is a mortgagee in possession, since the mere payment of taxes did not amount to a taking of actual possession.

It is next contended that the court should have allowed fifteen per cent interest on the taxes paid, for the reason that delinquent taxes draw that amount. The above rate of interest is, however, by reason of a statute. The relief granted appellant here is not by virtue of any statute, but it is based upon equitable grounds, since the money paid by him was paid in good faith and the payments have inured to the bene-

fit of the land. There does not, therefore, seem to be any authority for allowing a greater rate of interest than the legal rate. *Wheeler Co. v. Pates, ante,* p. 247, 86 Pac. 625. The case presents features that seem to result in a hardship to appellant, particularly so since the court found that the money originally loaned was used by the deceased to pay for the mortgaged land. However, the long delay in attempting to enforce the lien has so involved the matter that we see no avenue for relief within our statutes and procedure.

The judgment must therefore be affirmed.

MOUNT, C. J., DUNBAR, CROW, RUDKIN, and FULLERTON, JJ., concur.