[No. 13281.   Department One.   July 21, 1916.]

ELLEN DENTON, *Appellant*, v. LEILA C. MAPLE *et al.*,
*Respondents.*[1]

JUDGMENT—BAR—MATTERS AND PERSONS CONCLUDED. A friendly partition suit pending administration, dividing the property of an estate between the heirs, is not an estoppel against the claims of an administratrix *de bonis non* against the first administrator for moneys unaccounted for, and does not exempt from liability that part of the estate of the ancestor then in course of administration.

SAME. Judgment in such a partition suit, awarding the property "free of all claim and interest" of the other party thereto, estops a party from asserting the lien of a personal judgment against the executor, since its terms were broad enough to impress third parties with the understanding that it is a final settlement of all personal obligations held by either party.

EXECUTORS AND ADMINISTRATORS—MORTGAGE BY HEIRS—CLAIMS— PREFERENCE. An executor cannot mortgage his share of the estate, pending administration, or defeat the interest of heirs by his voluntary act, so as to affect the lien of a judgment against him for moneys unaccounted for.

EXECUTORS AND ADMINISTRATORS—CLAIMS—RIGHTS OF MORTGAGEE —FORECLOSURE AND SALE PENDING ADMINISTRATION. A mortgagee of property in course of administration may, pending administration, not only foreclose, but may pursue his remedy by foreclosure sale, independently of the probate proceeding, notwithstanding his remedy in probate, under Rem. & Bal. Code, §§ 1528, 1530, and 1483; and thereby he waives his right to any deficiency judgment.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 15, 1915, upon findings in favor of the defendants, in an action for equitable relief, tried to the court. Modified.

¹Reported in 158 Pac. 1001.

*Shorett, McLaren & Shorett,* for appellant.

*Hall & Cosgrove,* for respondents.

CHADWICK, J.—Daniel Schneider died, leaving one hundred acres of land, now a part of the city of Seattle, and two heirs, Fred M. Schneider and the plaintiff in this action. Fred M. Schneider was appointed as executor of the will and continued to administer the estate until his death in 1911. In 1907, Fred M. Schneider and Tillie Schneider, his wife, executed a mortgage in favor of the respondents Maple upon the interest of Fred M. Schneider in the Daniel Schneider estate. This mortgage was thereafter foreclosed. In 1909, Fred M. Schneider conveyed the half of his undivided interest in the estate of Daniel Schneider to his wife Tillie Schneider. After the death of Fred M. Schneider, Ellen Denton, the plaintiff, was appointed administratrix *de bonis non.* She brought an action against the estate of Fred M. Schneider to recover certain rents which she contended had been collected and misapplied by Fred M. Schneider as executor. She recovered a judgment as administratrix *de bonis non* against Tillie Schneider as administratrix of the estate of Fred M. Schneider deceased. The case came to this court and a judgment was rendered upon our opinion in the year 1914. *Denton v. Schneider,* 80 Wash. 506, 142 Pac. 9.

In December, 1912, Tillie Schneider gave defendant Kelleher a mortgage for $1,500, on her interest in the Daniel Schneider tract, and the title has now passed from Tillie Schneider into the hands of Kelleher through the instrumentality of the foreclosure proceeding. On May 29, 1913, the court entered a decree in a friendly partition suit, dividing the property of the Daniel Schneider estate between this plaintiff and Tillie Schneider and her son.

It will be observed that, at the time the mortgage was made by Fred M. Schneider and his wife Tillie Schneider to the respondents Maple, the estate was in course of administration and a trust fund for the payment of creditors and the

costs and expenses of administration and for distribution to the rightful heirs.

Ellen Denton, acting in her personal capacity, took a second judgment against the estate of Fred M. Schneider deceased. The action was pending at the time she took the decree in the partition suit, also in her personal capacity.

Plaintiff brought this action to restrain the issuance of the sheriff's deed to Daniel Kelleher, the assignee of the certificate of sale issued by the sheriff to the respondents Maple, asking that her claims in the property be protected. She asserts them as superior to the mortgage, and claims further that the several respondents had conspired to defraud her out of her rights in the property, and asks that Kelleher be decreed to be a trustee for the Schneider estate. The court found that appellant had no interest in the property, and found against her upon the issue of fraud and conspiracy.

Without reviewing the testimony in detail, we hold that the court's finding upon the issue of fraud and conspiracy is sustained by a preponderance of the evidence.

The questions occurring are:

(1) Will a judgment taken by an administratrix *de bonis non* against the estate of the first administrator for moneys unaccounted for operate as a preferred lien or charge against the property which is the subject of administration where the one who is acting as administratrix *de bonis non* has brought a personal action for partition against the estate of the deceased administrator, the decree reciting that, "partition was awarded to the heirs [naming them] of the deceased administrator absolutely free from any and all claims and interests of the plaintiff [Ellen Denton] or anyone claiming by or through or under" her?

The decree of partition is urged as an estoppel. We think the claim is unfounded. The partition suit involved no more than the personal rights and interests of the parties, and could not, in any way affect the claims of the administratrix *de bonis non*, or exempt from liability that part of the estate

of the ancestor which was then in course of administration. Aside from these considerations, the judgment became final after the decree was entered in the partition suit, and could not be barred by a collateral proceeding prior in time, and which could not, from the very nature of things, bind either party in their representative capacity. Fred M. Schneider could not mortgage the property in violation of his trust as executor or defeat the interest of heirs by his voluntary act. The claim for the judgment is a charge to be preferred to the mortgage.

(2) Will a judgment taken by the present appellant in her personal capacity be a favored charge? We think the decree in the partition suit estops plaintiff to now assert the lien of her judgment. The property has passed into other hands through the process of mortgage foreclosure, and she could only recover upon the rule that the property is impressed with a trust for her benefit.

The decree in the partition suit is broad enough in its terms to impress third parties with the understanding that it is a final settlement of all personal obligations held by either party. Appellant knew that there was no property, other than that which was partitioned, out of which she could have realized on her judgment, and when she submitted to a decree giving a share of the property to the heirs of Fred M. Schneider, "free of all her claims and interest," and did not appeal therefrom, she should be, and is, estopped to assert her claim against third parties.

(3) But, says appellant, the foreclosure and sale was void because the property was subject to the jurisdiction of the probate court; a mortgagee can do no more than present his claim, or, at best, establish it by appropriate action, and present the judgment as a claim against the estate to be paid in the due course of administration. Sections 1528, 1530 and 1483, Rem. & Bal. Code, are relied on. It will not be contended that a mortgagee of property has a complete remedy on the probate side of the court. Notwithstanding the in-

sistence that our own cases, holding that an action to fore-
close a mortgage may be maintained independently of the
probate proceeding, have not gone so far as to hold that a
*sale* can be made other than by the administrator, we think
the cases, as well as the settled practice of which we may take
notice, compel the holding that a mortgagee may not only
establish his claim, but pursue it to a satisfaction of the judg-
ment, by a sale under the ordinary processes prevailing on
the equity side of the court.   In the event the mortgagee so
proceeds, he is held to have waived his right to satisfy any
deficiency, that may arise on the sale, out of the unincumbered
property of the estate.   Such is the holding as we read the
cases: *Scammon v. Ward*, 1 Wash. 179, 23 Pac. 439; *Glea-
son v. Hawkins*, 32 Wash. 464, 73 Pac. 533; *Macdonald v.
O'Shea*, 58 Wash. 169, 108 Pac. 436, Ann. Cas. 1912 A. 417,
and the observation, made by way of argument, in *Hyde v.
Heller*, 10 Wash. 586, 39 Pac. 249:

"It will not be questioned that a mortgagee, after the
death of the mortgagor, has a right to foreclose the mort-
gage and sell the mortgaged property for the payment of his
debt, and that the sale will convey a good title to the premises
mortgaged."

Whatever doubt had theretofore existed, this expression of
the court was accepted as a final clearing of the doubt, and it
would seriously impair faith in many titles if we should now
hold to the contrary.   We find that the foreclosure and sale
was not void.

Remanded, with instructions to modify the decree in ac-
cordance with this opinion.

MORRIS, C. J., MOUNT, FULLERTON, and ELLIS, JJ., con-
cur.