[No. 17296.   Department Two.   April 3, 1923.]

PIERRE S. DuPONT, *Appellant,* v. M. M. MOULTON, *as Executor etc., et al., Respondents.*[1]

MORTGAGES (230)—EXECUTORS AND ADMINISTRATORS (91-1, 92)— CLAIMS—LIEN OF MORTGAGE—DEFICIENCY ON FORECLOSURE. Where a mortgagee files a claim against an estate for any deficiency that may remain upon a foreclosure sale, and the claim is rejected, he may foreclose the mortgage and obtain a deficiency judgment against the estate, the same to be payable only as a general claim under Rem. Comp. Stat., § 1541.

Appeal by plaintiff from a judgment of the superior court for Benton county, Davidson, J., entered November 16, 1921, foreclosing a mortgage, but denying plaintiff a deficiency judgment, tried to the court. Reversed.

*Wright, Kelleher, Allen & Hilen,* for appellant.

*Moulton & Jeffrey,* for respondents.

PER CURIAM.—On November 30, 1915, one Amy M. Bartlett, in consideration of a loan in the sum of

[1]Reported in 214 Pac. 7.

$20,000 made to her on that day by the appellant, Pierre S. DuPont, executed and delivered to the appellant her promissory note for that sum, securing the same by a mortgage upon certain real property situated in Benton county. Mrs. Bartlett died on October 5, 1920, leaving the note unpaid. She left a will in which she named the respondent M. M. Moulton as executor of her estate. Moulton qualified as such executor, and thereafter the appellant presented to him a claim against the estate in the following form:

"The Estate of Amy Manton Bartlett, Deceased,
"To Pierre S. DuPont, Dr.
"For any deficiency which may remain after the sale of the mortgaged premises upon the amounts adjudged to be due in any decree of foreclosure which may be rendered in any suit brought to foreclose that certain mortgage made, executed and delivered, November 30, 1915, by the said Amy Manton Bartlett, widow, as mortgagor, to the said Pierre S. duPont, as mortgagee, which mortgage was filed for record in the office of the auditor of Benton county, state of Washington, December 8, 1915, and recorded in Volume 19 of Mortgages at page 280, 281, Records of said county, said mortgage being upon that tract or parcel of land, lying and being in the county of Benton, state of Washington, and more particularly bounded and described as follows, to wit:
     [describing the property mortgaged and
       stating the amount due upon the mortgage]
"Nothing herein stated is intended to be a waiver in any manner whatsoever of any of the provisions of either the said promissory note or mortgage or of the security of said promissory note or of said mortgage, but this claim is only for any deficiency which may remain after any foreclosure of the said mortgage, as hereinabove more particularly set forth.
                    "Pierre S. duPont, Claimant."

The claim was rejected by the executor, whereupon the appellant began the present action in the superior court of Benton county, wherein he sought a fore-

closure of the mortgage, a sale of the mortgaged property, and a judgment over against the estate for any deficiency which might remain after applying the proceeds of the sale to the satisfaction of the mortgage debt. On motion of the respondent, the court struck from the complain the allegations with reference to a deficiency judgment and allowed a foreclosure against the mortgaged property only, denying a deficiency judgment against the estate. The mortgagee appeals, contending that the court erred in denying the deficiency judgment.

In our opinion, the court erred in its conclusions. The case is controlled by the principle announced in *In re Hackett's Estate,* 120 Wash. 236, 207 Pac. 11. In that case one Covell recovered a judgment against Hackett and wife in their lifetimes, which became a lien upon certain real property owned by them as a community. After their deaths, he filed a claim against their joint estate, stipulating therein that "said Edward Covell does not submit his entire judgment claim as a claim to be paid in the administration of said estate other than as a claim for payment of any deficiency remaining after sale of real estate on which said judgment is a lien out of any assets of said estate." Thereafter he issued an execution on the judgment and sought to sell the real property on which the judgment was a lien. In a proceeding brought to enjoin him from so doing, the trial court denied the right. This court held the ruling error; holding that, under Laws of 1917, p. 675, § 119 (Rem. Comp. Stat., § 1489), the property could be sold under an execution issued after the death of the judgment debtor, and that any deficiency remaining after such sale was payable by the administrator out of the general property of the estate. There can be no difference in principle in this

respect between a judgment lien and a mortgage lien. If the one may be presented for a possible remaining deficiency after the exhaustion of the specific property, so may the other.

It is possible that, in the cited case, we were in error in determining under which of the sub-divisions of § 171 of the act of 1917, p. 692 (Rem. Comp. Stat., § 1541), the deficiency judgment was payable, but it is not contended here that the deficiency in this instance, should a deficiency remain, is payable other than as a general claim under subd. 7 of the cited section, and we hold it to be so payable.

It is said, however, that this conclusion is contrary to our holding in the case of *Denton v. Maple,* 92 Wash. 290, 158 Pac. 1001. In that case, after pointing out that a mortgagee did not have a complete remedy on the probate side of the court, and that he could maintain an action to foreclose his mortgage independently of the probate proceedings, we did say that, ''in the event the mortgagee so proceeds, he is held to have waived his right to satisfy any deficiency, that may arise on the sale, out of the unincumbered property of the estate.'' But this was said with reference to the facts before us. In that instance, there had been no presentation of the mortgage claim to the administrator of the estate. This will be made clear by an examination of the authorities cited to sustain the proposition. In none of them had there been such a presentation, and some of them contain expressions indicating that a different rule would have been applicable had the fact been otherwise. See, also, *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13.

The judgment is reversed, and the cause remanded with instructions to enter a judgment in accord with the views expressed in this opinion.