[No. 9076.   Department Two.   November 26, 1910.]

W. H. McPHEE, *Appellant*, v. AUGUSTA NIDA, *Respondent*.[1]

ACTIONS—COMMENCEMENT—WHAT CONSTITUTES.   The commencement of an action requires both the filing of a complaint and commencement of service of summons within ninety days, under Rem. & Bal. Code, § 220, providing that an action shall be commenced by the service of summons or by filing a complaint, provided that service shall be made personally or by publication commenced within ninety days after the complaint is filed.

ACTIONS—COMMENCEMENT—LOSS OF JURISDICTION—NEW ACTION. The loss of tentative jurisdiction by failure to serve  a summons within ninety days after the filing of a complaint, does not prevent the commencement of a new action by subsequently serving the same summons and complaint.

Appeal from an order of the superior court for King county, Gay, J., entered May 19, 1910, quashing the service of summons upon motion of the defendant.   Reversed.

*William Martin*, for appellant.

*E. L. Rinehart*, for respondent.

CHADWICK, J.—On the 12th day of September, 1905, plaintiff filed a complaint and summons against the defendant in King county.   An effort was made to obtain service, but it was not accomplished until the 7th day of March, 1910.   On the 17th day of March, defendant appeared and filed a general demurrer, setting up that the complaint did not state facts sufficient to constitute a cause of action, and that the action had not been begun within the time required by law. Leave being granted, another demurrer was filed on the 9th day of April.   On April 23, a motion was made requiring plaintiff to file his original summons and complaint.

On April 30, defendant asked leave to withdraw her demurrers, and the privilege of entering a special appearance for the purpose of making a motion to quash the service of

[1]Reported in 111 Pac. 1049.

summons. This motion was accompanied by an affidavit made on behalf of the defendant by her attorney. It is stated therein that "affiant had no means of ascertaining that plaintiff proposed to rely upon the complaint filed on the 12th of September, 1905, until he appeared in court on the day set for hearing of argument on the demurrer." The motion to compel plaintiff to file the original summons and complaint was denied, but the court allowed the demurrers to be withdrawn, and entertained a motion to quash the service of summons, holding that "the complaint was filed herein on the 12th day of September, 1905, and no service of summons was had upon defendant until the 7th day of March, 1910, and no service of summons by publication was ever commenced after said complaint was filed." From this order plaintiff has appealed.

Appellant insists that, respondent having made a general appearance by her two demurrers, she could not thereafter be heard to question the jurisdiction of the court; and that, respondent having filed two demurrers and also having asked affirmative relief, the court could not allow her to withdraw her general appearance and file a special appearance without abusing its discretion. On the other hand, respondent insists that the right to withdraw a general appearance is purely discretionary; that the court had not acquired jurisdiction of the defendant, and that such jurisdiction could not be conferred by consent or by the conduct of the parties. Our view of the law of the case compels us to abandon, to a certain extent at least, the theories of both parties, and to rest our decision upon our own reasoning.

Rem. & Bal. Code, § 220, provides:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons as hereinafter provided, or by filing a complaint with the clerk as clerk of the court; provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served

personally or commence service by publication within ninety days from the date of filing the complaint."

In *Deming Inv. Co. v. Ely*, 21 Wash. 102, 57 Pac. 353, this statute was construed as follows:

"The act of filing the complaint and the commencement of service by publication must both exist before the action is commenced, and the limitation of time in the commencement of service by publication of ninety days is mandatory."

In *Fuhrman v. Power*, 43 Wash. 533, 86 Pac. 940, where service had been postponed beyond the period prescribed by the statute, the court said:

"There was therefore no service upon which judgment could have been rendered. . . . That appellant really commenced no action within the statutory period is, therefore, apparent. . . ."

It follows that the action was not commenced, nor did the court acquire jurisdiction by the filing of the complaint in September, 1905. An action may be begun by filing a complaint or by service of the complaint and summons; but if the complaint is filed, the tentative jurisdiction of the court is lost unless service is made within ninety days. The act of filing becomes a nullity.

But a party does not for these reasons lose his cause of action or his right to serve a complaint and summons at a subsequent time. If service is made thereafter, the commencement of the action must be dated from the service, and cannot be made to relate back to the time of the filing by the appearance of the party defendant. So in this case, appellant having served a complaint and summons on March 10, 1910, he is not to be turned out of court because service was not made within ninety days after September 25, 1905, nor can he claim any rights because of the original filing. His right to invoke the jurisdiction of the court, and the only right he has, comes from the statute; that is, to begin a new action by filing or serving a complaint. He has done the latter. A

case, not the case attempted to be begun, but the one com-
menced March 7th, 1910, was before the court.

From these observations it will be apparent that the trial
court should not have allowed the appearances to be with-
drawn for the purpose of making a motion to quash the
service, and that his ruling based upon the original filing of
the complaint was erroneous; albeit the rule was made for
the just reason that failure to serve the first complaint with-
in ninety days worked a loss of jurisdiction of the court.

The case will be remanded for further proceedings in ac-
cordance with this opinion.

RUDKIN, C. J., MORRIS, CROW, and DUNBAR, JJ., concur.