[No. 20377.   Department One.   July 30, 1927.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v.
THE STATE OF WASHINGTON *et al., Appellants.*[1]

[1] JUDGMENT (51)—ON MOTION—EFFECT.   Granting plaintiff a voluntary dismissal, pending defendant's motion for a change of venue, is, in effect, the denial of the motion for the change.

[2] VENUE (1)—PLACE IN WHICH ACTION MAY BE BROUGHT—ACTION AGAINST COUNTY.   Counties as parties litigant are subject to the rule that an action may be commenced in any county in which one or more of the defendant's reside, and are not entitled to a change of venue from another county made a defendant in the case.

[3] ACTIONS (27-1) — JOINDER — OBJECTIONS — WAIVER.   If distinct causes of action are improperly joined, each triable in a separate jurisdiction, the remedy is not by motions for change of venue.

[4] ACTIONS (31)—PROCEEDINGS CONSTITUTING COMMENCEMENT.   Under Rem. Comp. Stat., § 220, the filing of a complaint without service of summons is not the commencement of an action, and the dormant action cannot be revived after the commencement and pendency of another action on the same cause.

[5] DISMISSAL AND NONSUIT (5)—RIGHTS AS TO SET-OFF.   Under Rem. Comp. Stat., § 408, authorizing a voluntary dismissal of an action before final submission of the case, unless defendant sets up a counterclaim to the specific subject-matter of the action, an affirmative answer does not constitute either a set-off or counterclaim, where it merely sets up supplemental facts presenting the ultimate question presented in the complaint.

Appeal from an order of the superior court for Thurston county, Wright, J., entered December 2, 1926, granting a voluntary dismissal, on motion of the plaintiff, in an action to secure a reduced valuation of property for taxation purposes.   Affirmed.

*The Attorney General* and *R. G. Sharpe, Assistant,* for appellants.

*Geo. T. Reid, C. A. Murray* and *L. B. da Ponte,* for respondents.

[1] Reported in 258 Pac. 482.

Fullerton, J.—On October 13, 1925, the Northern Pacific Railway Company, as plaintiff, filed a complaint in the superior court of Thurston county, in which it named as defendants the state of Washington and some twenty-three of the counties of the state. The counties named are counties through which the respondent's railway lines extend, and in which it has property subject to taxation. The object and purpose of the action, as stated in the complaint, was to secure a reduction of the assessed value of its property made for the year 1925 for taxation purposes, which property is alleged was excessively overvalued, when compared with the assessed values of other taxable property of the counties named. The railway company suffered the action to rest with the filing of the complaint; it did not issue and serve a summons on the defendants, nor did it apply to the court for any form of writ or process.

On November 12, 1925, the county of Benton, through its prosecuting attorney, made a voluntary appearance in the action, filing a motion for a change of venue to that county, and a motion asking the court to require the respondent to separately state its cause of action against it. There was no immediate service of the motions on the respondent, and the cause was suffered to rest until November 16, 1926, when the remaining counties voluntarily appeared in the action. On such appearance, each of such counties filed an answer to the complaint, admitting and denying certain of its allegations, and pleading new matter affirmatively.

The answers were in substance the same. In effect, it was alleged in the affirmative matter that a tax levy had been made in accordance with the valuations placed upon the railway company's property for the year 1925, which tax the company had paid in

part without objection, had paid in part under protest, and had refused to pay in part, making the claim that the part of the tax paid under protest and the part of the tax left unpaid was illegal and void. The relief asked was that the court determine the validity of the tax claimed to be illegal and void, and enter such judgment as should be just and equitable in the premises. Each of the several answers was accompanied by a motion, supported by affidavit, asking that the court change the venue of the action to the court of the respective moving county.

The answers and motions were served upon the railway company, whereupon the company appeared and moved to dismiss the proceedings in their entirety. The motion was supported by an affidavit to the effect that the plaintiff had never perfected its action by the issuance and service of a summons on the defendants; that it had long since abandoned its action, a fact well known to the counsel for the respective counties at the time of their appearance therein; that it had, subsequent to the filing of the complaint, but prior to the time the defendants answered, begun an action in the United States District Court for the Eastern District of Washington seeking the same relief against the defendants that it sought by its complaint in the state court; that it had caused process to be issued out of the United States court and served upon each of the defendants, and that the action was then pending therein.

The motions for change of venue and the motion to dismiss were brought on for hearing at the same time before the state court. The court did not pass directly upon the motions to change the venue, but granted the motion to dismiss. The counties appeal from the order and judgment of dismissal.

[1] The appellants first contend that the court

committed error in failing to pass upon their motions
for change of venue before passing upon the respond-
ent's motion to dismiss. As to this, it is a sufficient
answer to say that the order of dismissal was in effect
a denial of the motions, and may be, and is, so treated
by the parties.

[2] Nor was there error in denying the motions.
If the cause of action stated in the complaint was an
action which could be prosecuted as a single action,
the motions were rightly denied; as a single action
can hardly be transferred to twenty-three separate
and distinct jurisdictions at one and the same time.
Moreover, the county of Thurston, the county in whose
court the action was filed, was a county defendant, and
an action may be begun, under the statutes, in any
county in which one or more of the defendants reside
at the time of the commencement of the action. Coun-
ties, as parties litigant, are subject to this rule. *State
ex rel. King County v. Superior Court,* 104 Wash. 268,
176 Pac. 352; *Howe v. Whitman County,* 120 Wash.
247, 206 Pac. 968, 212 Pac. 164. If, therefore, the
action was one in which all of the county defendants
could be joined, it was instituted in the proper county,
and to deny a motion to change the venue on the sole
ground that it was commenced in the wrong county,
was without error.

[3] If, on the other hand, there was an improper
joinder of causes of action,—if, instead of one cause
of action being stated in the complaint, there were
twenty-three separate and distinct causes of action
stated therein, each triable in a separate jurisdic-
tion,—the remedy was not by a motion for a change
of venue. The court was not required, on such a mo-
tion, to separate the causes of action and send each
separate action to the proper county for trial. The
court could, on a proper application, compel the plain-

tiff to separately state the causes of action, but the penalty for failure is dismissal (Rem. Comp. Stat., § 408) [P. C. § 8122], and this relief the defendants have.

[4] Nor do we find that the court erred in dismissing the action. As before stated, the plaintiff did nothing more towards the commencement of its action than to file its complaint. In this state the filing of a complaint, without more, is not the commencement of an action. It is only a step in that direction. As we said in *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B 31:

"We have also repeatedly held—and the holding was inevitable—that, under the provisions of § 220 (Rem. & Bal. Code), the filing of the complaint is not the commencement of an action but only a tentative commencement, wholly abortive unless followed by personal service on one or more defendants, or by the commencement of service by publication within ninety days. 'Both must exist before the action is commenced.' *Deming Inv. Co. v. Ely,* 21 Wash. 102, 57 Pac. 353; *Fuhrman v. Power,* 43 Wash 533, 86 Pac. 940; *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049."

There was, therefore, no action actively pending at the time the defendants appeared. It was dormant, and, if it was subject to revival by the voluntary appearance therein of the defendants, the appearance made was too late for that purpose. The action revived, if it revived at all by the appearance, at the date of the appearance, and in the meantime the plaintiff had begun another action against the defendants for the same cause of action, in a court of co-ordinate jurisdiction, which it did perfect by bringing the defendants into the action. The attempted revival, therefore, as we say, came too late, and was properly dismissed on the ground of another action pending.

[5] The order of dismissal was right for another reason. By the terms of the statute (Ib.), an action may be dismissed by the plaintiff himself at any time before the final submission of the cause, unless a set-off be interposed, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject matter of the action. *Fisk v. Tacoma Smelting Co.*, 49 Wash. 514, 95 Pac. 1082; *McPherson v. Seattle Electric Co.*, 53 Wash. 358, 101 Pac. 1084; *State ex rel. Bradway v. DeMattos*, 88 Wash. 35, 152 Pac. 721. In this instance, the defendants' answers did not constitute either a set-off or a counterclaim. They contained, it is true, allegations of matters occurring subsequent to the filing of the complaint, but the ultimate question presented by them was the question presented in the complaint, namely, was the plaintiff's property over-valued for the purposes of taxation.

The order appealed from is affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.