[No. 25901. Department One. January 7, 1936.]

J. B. MORRIS, *as Trustee in Bankruptcy, Respondent,* v. ORCAS LIME COMPANY, *Appellant.*[1]

[1]Reported in 53 P. (2d) 604.

Bogle, Bogle & Gates, Todd, Holman & Sprague, J. Y. C. Kellogg, and Bausman, Oldham, Cohen & Jarvis (Simon Wampold, Jr., of counsel), for appellant.

Stern & Stern and Allen Orton, for respondent.

Hyland, Elvidge & Alvord and Monroe Watt, amici curiae.

MITCHELL, J.—This action was brought in the superior court for King county, Washington, by the trustee in bankruptcy of the Frye Lettuce Farms, Inc., a corporation, to recover $215 paid by the bankrupt to the defendant, Orcas Lime Company, a corporation, on a past-due, unsecured indebtedness, within four months prior to the filing of the petition in bankruptcy. The averments of the complaint are that the effect of the payment to the defendant was to enable it to obtain a greater percentage of its debt than any other creditor of the bankrupt of the same class, and that the payment operated as a preference, according to the terms of Rem. Rev. Stat., §§ 5831-1, 5831-2 [P. C. §§ 4532-1, 4532-2].

The facts in the case and an agreement that the statute of limitation might be considered in deciding the case were stipulated in writing and filed in the case. Findings, according to the stipulated facts, were made and filed, from which conclusions were drawn and judgment entered in favor of the plaintiff in the sum of $215 and interest. The defendant has appealed.

The bankrupt was a corporation engaged in business in this state. The appellant is, and was, a corporation doing business in this state. On August 15, 1934, for some time prior thereto and at all times since, Frye Lettuce Farms, Inc., was, and has been, insol-

vent, but appellant had no knowledge of it and had no reasonable cause to believe it was insolvent at the date of the transaction herein involved.

On August 18, 1934, Frye Lettuce Farms, Inc., in the ordinary course of business and not in contemplation of bankruptcy or the liquidation of its affairs, paid the appellant an unsecured balance due for merchandise in the sum of $215.

Within four months, on December 15, 1934, upon its voluntary petition filed that day, the Frye Lettuce Farms, Inc., was adjudged a bankrupt by the United States district court, western district of Washington, northern division, whereupon the case was referred to the referee in bankruptcy, and in due course, on January 4, 1935, J. B. Morris, the respondent, was appointed, and since has qualified and acted, as trustee of the bankrupt corporation.

It was further stated, in the nature of a finding, by the trial court that plaintiff filed the summons and complaint in this action on June 13, 1934, in the superior court, and on the same day handed a copy of them to the sheriff for service, but that service was not made on defendant until June 17, 1935.

The holding of the court, in deciding the case in favor of the plaintiff, was that the action was commenced within the time limited by law, and that there was a preference under the terms of the act relied on, hence the judgment in favor of the trustee.

Rem. Rev. Stat., § 5831-1 [P. C. § 4532-1], says:

"Actions in the courts of this state by a trustee, receiver or other liquidating officer of an insolvent corporation, to recover a preference as herein defined may be commenced at any time within six months from the time of the filing of the application for the appointment of such trustee, receiver or other liquidating officer."

Rem. Rev. Stat., § 5831-2 [P. C. § 4532-2], defining preference, upon which respondent relies, is as follows:

"a. A corporation shall be deemed to have given a preference if, being insolvent, it has, within four months before the filing of an application for the appointment of a trustee, receiver, or other liquidating officer of such corporation, procured or suffered a judgment to be entered against itself in favor of any person, or made a transfer of any of its property, and the effect of the enforcement of such judgment or transfer will be to enable any one of the creditors of said insolvent corporation to obtain a greater percentage of his debt than any other of such creditors of the same class.

"b. If a corporation shall have procured or suffered a judgment to be entered against it in favor of any person or has made a transfer of any of its property, and if, at the time of the transfer, or of the entry of the judgment, the corporation be insolvent and the judgment and transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee, receiver, or other liquidating officer of said insolvent corporation, and he may recover the property or its value from such person. . . ."

One contention on behalf of the appellant is that our statute is patterned after certain provisions of the Federal bankruptcy act and that, according to the usual rule, should receive the same construction that the Federal courts have given to the Federal act, and that, under the particular facts of this case, there was no preference. It is not necessary, however, to discuss that question in deciding the case, because of the limitation mentioned in Rem. Rev. Stat., § 5831-1 [P. C. § 4532-1], above cited, upon the cause or right of action.

130

■ The statute defining and allowing recovery for a preference creates a statutory, legal liability, subject to the limitation that a suit to enforce it must be commenced within six months from the time of filing the application for the appointment of a trustee, etc. The limitation is not one that goes to the remedy of a defendant, like the ordinary statute of limitation, but it goes to the cause of action or right to sue. The time prescribed—six months from the time of filing the application for appointment of the trustee for the *commencement* of the action—is a condition to the enforcement of the liability or the trustee's right of recovery, an element in the right itself. The right falls with the failure to commence the action within the allotted time. *Bement v. Grand Rapids & I. R. Co.,* 194 Mich. 64, 160 N. W. 424; *Kannellos v. G. N. R. Co.,* 151 Minn. 157, 186 N. W. 389; *George v. C. M. & St. P. R. Co.,* 51 Wis. 603, 8 N. W. 374; *Pierson v. Davis,* 70 Mont. 106, 224 Pac. 235; *Morrison v. Baltimore & O. R. Co.,* 40 App. D. C. 391, Ann. Cas. 1914C, 1026; *American R. Co. of Porto Rico v. Coronas,* 230 Fed. 545; *Rademaker v. E. D. Flynn Export Co.,* 17 F. (2d) 15; 17 R. C. L. 952, § 318.

■ The petition in bankruptcy was filed on December 15, 1934. The summons and complaint in the action were filed in the superior court on June 13, 1935 —two days less than six months. The contention of respondent is that the filing of the summons and complaint constituted the commencement of the action, and was timely because "six months had not elapsed from the date when the voluntary petition in bankruptcy was filed." On the other hand, the appellant contends that the filing of the summons and complaint did not constitute the commencement of the action, but that the personal service on the defendant in addition thereto, together, constituted the commencement of the

action; "both must exist before the action is commenced." Here, personal service was not had within six months.

Therefore, the ultimate question is: What constitutes the commencement of an action in this kind of a case? It is not determined by the provision that "an action shall be deemed commenced when the complaint is filed," found in Rem. Rev. Stat., § 167 [P. C. § 8174]. That provision is a limitation upon the remedy of a defendant in setting up, *by answer or demurrer,* the defense of the statute of limitations as a bar to recovery in any of the several kinds of actions enumerated in that chapter of the code. It has nothing to do with the question of time within which an action must be commenced where, as here, time is an element of plaintiff's right to sue.

The statute controlling that kind of a situation is Rem. Rev. Stat., § 220 [P. C. § 8432], upon the subject of "Manner of Commencing Actions," which often and without exception has been held to mean as stated in *Northern Pacific R. Co. v. State,* 144 Wash. 505, 258 Pac. 482, as follows:

"In this state the filing of a complaint, without more, is not the commencement of an action. It is only a step in that direction. As we said in *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B 31:

" 'We have also repeatedly held—and the holding was inevitable—that, under the provisions of § 220 (Rem. & Bal. Code), the filing of the complaint is not the commencement of an action but only a tentative commencement, wholly abortive unless followed by personal service on one or more defendants, or by the commencement of service by publication within ninety days. "Both must exist before the action is commenced." *Deming Inv. Co. v. Ely,* 21 Wash. 102, 57 Pac. 353; *Fuhrman v. Power,* 43 Wash. 533, 86 Pac. 940; *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049.' "

Because, in addition to the filing of the complaint, personal service on the defendant was not made or had in this case within the six months required by the act, the action was not commenced within the time limiting the right to sue, and, therefore, the right of action was lost.

Reversed, with directions to the superior court to dismiss the action.

TOLMAN, STEINERT, BLAKE, and GERAGHTY, JJ., concur.