[No. 28752. Department Two. May 26, 1942.]

THE STATE OF WASHINGTON *on the Relation of George W. Dahl, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Ernest M. Card, Judge, Respondent.*[1]

[1]Reported in 126 P. (2d) 199.

J. W. *Graham,* for relator.

*Bertil E. Johnson,* for respondent.

MAIN, J.—This is an original application in this court for a writ of prohibition directed to the superior court of Pierce county. When the application was made, an order was issued, directed to the superior court to show cause why the writ should not be issued. On the return day, which was May 15, 1942, the parties appeared and a hearing was had.

The facts upon which the application was based may be stated as follows: George W. Dahl and Geraldine Dahl are husband and wife. March 27, 1942, Mr. Dahl brought an action for divorce in the superior court of Mason county. The complaint and summons were filed that day, and the service was made the same day. Mrs. Dahl, on the day mentioned, brought an action for divorce in the superior court of Pierce county. The complaint and summons were filed that day, and Mrs. Dahl sought an order, directed to Mr. Dahl, requiring him to return their three year old daughter, whom she, in her affidavit, said he had wrongfully taken from her. A show cause order was issued on this day, but neither the summons nor the show cause order was served until April 1, 1942. The show cause order was made returnable on the third day of April following.

On the return day, Mr. Dahl appeared specially and challenged the jurisdiction of the superior court of

Pierce county. After a hearing, the court took the matter under advisement, and, subsequently, entered an order denying the special appearance and ordering the return of the child to Mrs. Dahl until the further order of the court. After this order was entered, Mr. Dahl appeared in this court, as above stated, and sought a writ of prohibition.

Mr. Dahl, as relator, contends that the superior court of Mason county first acquired jurisdiction, and, therefore, the action should be tried in that county. The respondent contends that Mrs. Dahl's action was commenced in the superior court of Pierce county on the same day as was the action in Mason county, and, therefore, that court rightfully retained jurisdiction.

Rem. Rev. Stat., § 220 [P. C. § 8432] (Laws of 1895, chapter LXXXVI, p. 170), provides that:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."

It will be observed that this section provides that civil actions in the superior court in this state shall be commenced by the service of a summons, as thereinafter provided, or by filing a complaint with the clerk of the court. The proviso is that, unless the summons has been served prior to the filing of the complaint, it is necessary that, within ninety days, it must be served on one or more of the defendants personally, or publication commenced within that time. If the summons is not served personally within the time fixed, or the publication begun within that time, the court obtains no jurisdiction. Prior to the time that the summons

is served, after the filing of the complaint, the court's jurisdiction is conditional, and the filing of the complaint is only a tentative commencement of the action and a step in that direction. Both must exist before the action is commenced.

In the case of *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B, 31, referring to § 220 of the then code, which is the same section as § 220 in Remington's Revised Statutes [P. C. § 8432], it was said:

"We have also repeatedly held—and the holding was inevitable—that, under the provisions of § 220 above quoted, the filing of the complaint is not the commencement of an action but only a tentative commencement, wholly abortive unless followed by personal service on one or more defendants, or by the commencement of service by publication within ninety days. 'Both must exist before the action is commenced.' *Deming Inv. Co. v. Ely,* 21 Wash. 102, 57 Pac. 353; *Fuhrman v. Power,* 43 Wash. 533, 86 Pac. 940; *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049."

In *Northern Pac. R. Co. v. State,* 144 Wash. 505, 258 Pac. 482, the court, in construing the same section of the statute, used this language:

"As before stated, the plaintiff did nothing more towards the commencement of its action than to file its complaint. In this state the filing of a complaint, without more, is not the commencement of an action. It is only a step in that direction."

This is followed by the quotation of an excerpt from *City Sash & Door Co. v. Bunn,* which we have quoted above.

In the case of *Morris v. Orcas Lime Co.,* 185 Wash. 126, 53 P. (2d) 604, the excerpts which have been quoted from the two cases above are both quoted in the opinion in that case. It is true that that case involved a special statute which the court held was an

element of the right to sue and the condition to recover, and the right to recover fails with the failure to commence an action within the time fixed by the statute. After deciding that question, the court, in answer to the contention of one of the parties that the action was commenced when the complaint was filed, referred to Rem. Rev. Stat., § 167 [P. C. § 8174], which contained this statement: "An action shall be deemed commenced when the complaint is filed," and followed this by quoting the excerpts from the cases of *City Sash & Door Co. v. Bunn* and *Northern Pac. R. Co. v. State* above quoted.

It thus appears that, if the summons has not been served before the complaint is filed, the court does not acquire complete jurisdiction of the subject matter of the action and of the parties until the summons is served. In this case, as appears above, the complaint and the summons in the Mason county action were filed on the same day, and the summons was served personally on that day upon the defendant. In the Pierce county action, the summons and complaint were filed on the same day, but service of the summons and of the show cause order was not made until the first day of April following. It is apparent that, the Mason county court's jurisdiction having been complete on the twenty-seventh day of March, its jurisdiction would be superior to that of the Pierce county court, because, prior to the service of the summons in that case and the show cause order, its jurisdiction had been conditional, and the filing of the complaint and the summons was only a step in the commencement of an action.

The respondent calls our attention to Rem. Rev. Stat., § 167, which contains this statement: "An action shall be deemed commenced when the complaint is filed." That statute, however, was enacted prior to

the enactment of § 220, and it cannot prevail as against the later enactment.

The respondent's principal reliance appears to be upon the case of *Blinn v. Grindle*, 71 Wash. 120, 127 Pac. 840. It is true that Rem. & Bal. Code, § 220, which is the same as Rem. Rev. Stat., § 220, was referred to in the opinion, and it was stated that the action would be deemed commenced from the time of filing of the complaint rather than the time of service. This statement, however, was not necessary to the decision of that case, and § 220 was not involved therein. The statement is unquestionably out of harmony with the prior decisions of this court upon the same question, as well as with the subsequent decisions, as above appears, and it can be of no controlling importance.

We express no opinion as to what the holding would be if the summons and show cause order in the Pierce county case had been served upon the defendant in that action on the twenty-seventh day of March, or the same day that the service was made upon the defendant in the Mason county action, because that question is not now before us.

The writ will issue.

ROBINSON, C. J., SIMPSON, and DRIVER, JJ., concur.

MILLARD, J. (concurring in the result)—I concur in the result, as this is a common sense interpretation of the statutes. Rem. Rev. Stat., § 220, was construed in *Dolan v. Baldridge*, 165 Wash. 69, 4 P. (2d) 871, where we held that, if defendants were served within 90 days after filing of complaint, action was commenced date complaint was filed.