[No. 31366.   Department One.   April 11, 1950.]

THE STATE OF WASHINGTON, *on the Relation of John W. Uland, Plaintiff,* v. CALLIA ULAND *et al., Respondents.*[1]

*Fred M. Bond* (*Brodie & Brodie,* of counsel), for relator.

*Glenn E. Correa,* for respondents.

DONWORTH, J.—This is an original application in this court for a writ of prohibition directed to the superior court for Mason county and to Callia Uland, the wife of relator (who will be referred to herein as the wife). When the applica-

[1] Reported in 216 P. (2d) 756.

tion was made, an order was issued directed to the superior court to show cause why the writ should not be issued. On the return day, the parties appeared by counsel and the matter was argued upon the petition for the writ and respondents' return.

The facts, as shown by relator's petition and respondents' return, are not in dispute in so far as they relate to the question presented for decision by this court. The relator (who will be referred to herein as the husband), on November 22, 1949, filed a complaint in the superior court of the state of Washington for Pacific county in cause No. 11350, naming his wife, Callia Uland, as defendant and alleging facts which, if proven, would entitle him to a divorce. The prayer of his complaint was that he be granted a divorce as provided by the laws of the state of Washington and that the custody of the two minor children of the parties be awarded to him and that his wife be required to return the children to Pacific county (she having taken them to Shelton), together with household goods which she had taken with her.

On the same date, the court commissioner entered an order requiring the wife to show cause at South Bend on December 2, 1949, why she should not be required to return the children and property to Pacific county.

On the following day (November 23, 1949), the husband, through his counsel, mailed a copy of the summons and complaint and show cause order to the sheriff of Mason county for the purpose of serving the same upon the wife. Service of these papers upon her was not made until December 3, 1949, the delay being due to reasons which are in dispute, but are not material to the legal problem here involved.

On December 1, 1949, the wife filed in the superior court of the state of Washington for Mason county in cause No. 5510, a complaint naming the husband as defendant and alleging facts which, if proven, would entitle her to a divorce. In her complaint she prayed that she be granted a decree of divorce, that she be awarded the custody of the children (with the right to the husband to visit them at her home)

and that the husband be required to pay seventy-five dollars per month for the children. She also prayed for a temporary restraining order restraining the husband from in any way molesting her or the children, and that she be granted judgment for a reasonable attorney's fee to be fixed by the court.

On the same day, the court commissioner signed an order to show cause and a temporary restraining order requiring the husband to show cause at Shelton on December 9, 1949, why the wife should not be granted the interim relief prayed for in her complaint. On December 3, 1949, the husband was served with the summons and complaint and show cause order in the Mason county suit, instituted by the wife, and a few hours later on the same day service of the summons and complaint in the Pacific county action, instituted by the husband, was finally made upon the wife in Mason county.

Thereupon, the husband appeared specially in the Mason county suit objecting to the jurisdiction of the court on the ground that the Pacific county court had taken jurisdiction of the subject matter of the action prior to the time that the Mason county court attempted to do so. This motion was supported by the affidavit of the husband's attorney of record in the Pacific county suit.

The husband's motion objecting to the jurisdiction of the court was submitted to the Honorable John M. Wilson sitting in Mason county on December 30, 1949, and on that date, the court entered an order reciting that service on the husband in the Mason county suit was made "a few hours prior to service of process on" the wife in the Pacific county action. The order denied the husband's motion and directed that the cause proceed in the usual course.

Thereupon, the matter was brought before this court in the manner indicated above. It is conceded that the remedy here sought by the husband is an appropriate and proper one. The single question presented here is whether the Pacific county court, because of the priority in time of the filing of the complaint, had acquired exclusive jurisdiction of the subject matter or whether the Mason county court,

because of the priority in time of the service of process, had properly acquired jurisdiction of the controversy between the husband and the wife.

The general rule is that, when the jurisdiction of two courts is invoked concerning the same subject of controversy, the court first obtaining jurisdiction has power to determine the controversy to the exclusion of the other court. *State ex rel. Towne v. Superior Court,* 24 Wn. (2d) 441, 165 P. (2d) 862. However, because of the peculiar language of our statute it is difficult to determine just when jurisdiction is acquired by the superior court.

Rem. Rev. Stat., § 220 [P.P.C. § 2-1], provides:

"Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint."

In construing the statute, this court has held in several cases that the mere filing of the complaint, without more, does not constitute the commencement of an action. It is only a step in that direction. *Northern Pac. R. Co. v. State,* 144 Wash. 505, 258 Pac. 482; *Dolan v. Baldridge,* 165 Wash. 69, 4 P. (2d) 871.

In *McPhee v. Nida,* 60 Wash. 619, 111 Pac. 1049, it was held that the act of filing the complaint becomes a nullity if there has been no service on one or more of the defendants within ninety days thereafter.

Counsel have not cited any decision of this court involving precisely the point presented here, nor have we been able to find any such decision. The case of *State ex rel. Dahl v. Superior Court,* 13 Wn. (2d) 626, 126 P. (2d) 199, throws some light on our problem. In that case, the husband filed his complaint in a divorce action in Mason county and on the same day caused his wife to be served with summons and complaint. Also, on the same day, the wife filed a complaint in a divorce action against the husband in the

Pierce county court, but failed to effect service of summons and complaint upon her husband until five days later. It does not appear from the decision which complaint was filed first. A writ of prohibition was issued by this court restraining the Pierce county court from proceeding further with the cause, the basis of the decision being stated as follows:

"It thus appears that, if the summons has not been served before the complaint is filed, the court does not acquire complete jurisdiction of the subject matter of the action and of the parties until the summons is served. In this case, as appears above, the complaint and the summons in the Mason county action were filed on the same day, and the summons was served personally on that day upon the defendant. In the Pierce county action, the summons and complaint were filed on the same day, but service of the summons and of the show cause order was not made until the first day of April following. It is apparent that, the Mason county court's jurisdiction having been complete on the twenty-seventh day of March, its jurisdiction would be superior to that of the Pierce county court, because, prior to the service of the summons in that case and the show cause order, its jurisdiction had been conditional, and the filing of the complaint and the summons was only a step in the commencement of an action."

In the *Dahl* case, the filing of the complaint and the service of process were completed on March 27, 1942, in the suit filed by the husband. No question was raised as to the effect of the proviso in § 220 of Rem. Rev. Stat., because the two complaints were apparently considered as having been filed simultaneously.

In the present case, the husband filed his complaint (in Pacific county) nine days prior to the filing of the wife's complaint (in Mason county), but did not succeed in serving her with process until two days after she had filed her complaint.

Several decisions of courts of last resort have been called to our attention, but they are based on procedural statutes different from our own. One such decision is *Wells v. Montcalm Circuit Judge*, 141 Mich. 58, 104 N. W. 318, 113

Am. St. 520, in which the supreme court of Michigan described the problem as follows:

"The circuit court for the county of Wayne, in chancery, and the circuit court for the county of Montcalm, in chancery —courts of co-ordinate jurisdiction—each asserts exclusive jurisdiction over a divorce suit between relator and her husband, Percy D. Wells. Relator, Maude, resides in Wayne county. Her husband, Percy, resides in Montcalm county. Relator, Maude, is the complainant, and her husband, Percy, the defendant, in the suit pending in the Wayne circuit court, while Percy is the complainant and Maude is the defendant in the suit pending in the Montcalm circuit court. The suit pending in the Wayne circuit was first commenced, and the subpoena immediately placed in the hands of a sheriff for service. Before this service was made, the suit was commenced in the Montcalm circuit, and the process issued from that court was served before the process issued from the Wayne circuit. The complainant in each suit asked for the custody of the infant child of the parties, the offspring of the marriage, and each court has issued an injunction restraining the defendant from interfering with the complainant's custody of said child. The defendant in each suit has filed a plea to the jurisdiction, and each court has overruled that plea. Relator now applies to this court for a writ of prohibition directed to said respondent, requiring him to refrain from exercising jurisdiction of the suit pending in the court of which he is judge."

After determining that the writ of prohibition was an appropriate remedy, the court discussed the problem in which we are interested, saying:

"It is proper, then, to determine, in this proceeding whether the Montcalm circuit court had a right to assume jurisdiction of this controversy. At the time suit was commenced in the Montcalm circuit, relator had in good faith filed her bill in the Wayne circuit court. Process had been issued by that court, and was then in the hands of the sheriff of Wayne county for service. The question in this case is not whether the Wayne circuit court had at that time acquired such jurisdiction that it might render a decree binding upon the parties. It is clear that it had not. *The question is whether the Montcalm circuit court had a right to prevent its acquiring such jurisdiction.* There is authority for saying that, until service of process was actually made, it had that

right. [Citing cases.] *The true rule, however, and the rule sustained by the weight of authority* [Citing cases.] *denies that right. It would create unseemly conflicts, if, after a court has taken cognizance of a controversy of which it has jurisdiction, and while it is proceeding regularly in an attempt to acquire jurisdiction, another court of co-ordinate jurisdiction has power to frustrate that attempt.*" (Italics ours.)

No time limit is referred to in the cited case within which the Wayne circuit court had an exclusive option to complete its acquiring jurisdiction. Yet the Michigan court held that the court in which the complaint was first filed and process placed in the hands of the sheriff for service had the right to acquire complete jurisdiction of the parties and subject matter without interference by a court of co-ordinate jurisdiction.

In *Matlock v. Matlock,* 87 Ore. 307, 170 Pac. 528, the husband had filed suit for divorce in Lane county on May 8th but was unable to locate his wife for service of process. On June 28th, the wife filed her suit for divorce in Multnomah county and served the husband the next day. The supreme court of Oregon held that, since the Lane county court was the first to acquire jurisdiction of the controversy, the Multnomah county court had no power to entertain the wife's suit and applied the general rule, saying:

"Two co-ordinate courts of a state cannot have jurisdiction to determine the status of the same parties in a divorce suit at the same time. The court whose jurisdiction first attached proceeds to a final determination of the case exclusive of any other court."

The court did not discuss what constituted the institution of a suit. It would seem that in Oregon the filing of the complaint in the circuit court in a divorce action confers complete jurisdiction as between it and other courts of co-ordinate jurisdiction, even before service of process is completed. Again, as in the Michigan decision quoted above, no time limit for the service of process is mentioned.

The supreme court of Missouri has held, on the contrary, that under the Missouri statute both filing and service of

process are necessary to confer jurisdiction. The statute (Mo. R.S.A. § 876) there involved reads:

"The filing of a petition in a court of record, . . . and suing out of process therein, shall be taken and deemed the commencement of a suit."

In *State ex rel. Davis v. Ellison,* 276 Mo. 642, 208 S. W. 439, that court disposed of a similar situation in this language:

"Let it be conceded that the filing of the suit was a few hours earlier in the circuit court of Adair County than that in the circuit court of Lafayette County, actions for divorce being within the judicial purview of these courts, each, upon the filing of the suit therein, acquired jurisdiction of the subject matter. *There remained to be supplied the essential of the service of process necessary to draw the person within the power of the court.* This was had upon Birdie Taubman in the suit instituted by her husband on December 18, 1915. Service was not had upon Edwin M. Taubman in the suit instituted by his wife until December 20, 1915. The circuit court of Lafayette County was, *as a consequence of this prior service,* clothed with complete and exclusive jurisdiction. Thus panoplied, no court was authorized by extraordinary writ to interfere with the exercise of its powers. There is never room for prohibition in the presence of complete jurisdiction. The circuit court of Lafayette County should, therefore, have been permitted to hear and determine the suit instituted therein by Edwin M. Taubman, and the action of the Court of Appeals in attempting to deprive it of this power was without warrant." (Italics ours.)

This decision was followed by the St. Louis court of appeals in *State ex rel. Nicholson v. McLaughlin,* 170 S. W. (2d) (Mo.) 705.

We turn now to a consideration of our own statute relating to the manner of commencing civil actions (Rem. Rev. Stat., § 220). This statute differs from the statutes of the other states herein discussed in that it provides for a time limit (ninety days) within which summons must be served following the filing of the complaint. We conclude that, in view of this ninety-day proviso, it was the intention of our legislature that where a complaint is filed in the superior court of one county, that court has the exclusive right

for not more than ninety days to complete commencement of the action, or in other words, to acquire jurisdiction upon service of process being made on one or more of the defendants.

If, within such ninety-day period, no service has been made upon any of the defendants, as required by Rem. Rev. Stat., § 220, then the superior court of the county in which the complaint was first filed has not acquired jurisdiction of the subject matter or the parties and the superior court in any other county may then proceed to acquire jurisdiction in the usual manner.

It seems to us that any other rule would render the ninety-day proviso meaningless and would lead to a chaotic condition in the superior courts for the thirty-nine counties of this state.

From what we have said, it follows that the superior court for Mason county was in error, in overruling the husband's special appearance objecting to the jurisdiction of that court, since when service of process was made on the wife in the Pacific county case on December 3, 1949 (being within ninety days after the husband filed his complaint), the jurisdiction of the Pacific county court became complete.

For the reasons herein stated, the writ will issue prohibiting the superior court for Mason county from proceeding further with the action instituted by the wife on December 1, 1949.

SIMPSON, C. J., SCHWELLENBACH, GRADY, and HAMLEY, JJ., concur.