[No. 1727-3.   Division Three.   February 16, 1977.]

KENNETH O. FOX, *Appellant*, v. HAROLD LEON GROFF, ET AL, *Respondents*.

*Joseph P. Delay* and *Delay, Curran & Boling*, for appellant (counsel on appeal only).

*John G. Schultz, Andrew C. Bohrnsen*, and *Leavy, Taber, Schultz, Bergdahl & Sweeney*, for respondents.

*Robert K. Waitt*, amicus curiae.

MUNSON, C.J.—Plaintiff appeals from a dismissal of his claim for personal injuries, arising out of an automobile accident with the nonresident defendant on September 6, 1971.

Plaintiff filed his summons and complaint on September 5, 1974; service upon the defendants was attempted thereafter and ultimately made on March 11, 1975, in the state of Idaho. The court held the plaintiff's claim was barred by the statute of limitations, RCW 4.16.080(2). Even though the complaint was filed within the period of the statute of limitations, the plaintiff had not served the defendants within 90 days from the date of filing the complaint. Thus, the statute of limitations was not tolled. We affirm. CR 3(a) provides:

A civil action is commenced by service of a summons

as provided in Rule 4 or by filing a complaint. If no service of summons is had upon a defendant before the complaint is filed, one or more defendants shall be served personally, or service by publication shall be commenced within 90 days after complaint is filed. . . . An action shall not be deemed commenced for the purpose of tolling any statute of limitations unless pursuant to the provisions of RCW 4.16.170.

RCW 4.16.170 provides:

For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . . If following . . . filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

The rule requires that the filing of the complaint and the service of the summons must occur within the statutory period before the statute of limitations is tolled. *Seamens v. Walgren*, 82 Wn.2d 771, 514 P.2d 166 (1973); *Hansen v. Watson*, 16 Wn. App. 891, 559 P.2d 1375 (1977). In this case both the summons and the complaint were filed within the 3-year period for commencing such an action, albeit the last day. RCW 4.16.080(2). Thus, the action was tentatively commenced,[1] and the statute of limitations was tolled, pending service upon the defendants within 90 days of the filing. If within the next 90 days the defendants had been served, either personally or through the Secretary of State (RCW 46.64.040), the action would have been properly commenced and the statute of limitations would have been tolled. The action was not properly commenced since both the 90-day period and the statute of limitations had run before the defendants were served. *Cit-*

---

[1] *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents of Univ. of Washington*, 86 Wn.2d 323, 544 P.2d 740 (1976); *State ex rel. Uland v. Uland*, 36 Wn.2d 176, 216 P.2d 756 (1950); *McPhee v. Nida*, 60 Wash. 619, 111 P. 1049 (1910).

*izens Interested in the Transfusion of Yesteryear v. Board of Regents of Univ. of Washington,* 86 Wn.2d 323, 544 P.2d 740 (1976); *State ex rel. Uland v. Uland,* 36 Wn.2d 176, 216 P.2d 756 (1950); *McPhee v. Nida,* 60 Wash. 619, 111 P. 1049 (1910).

The plaintiff contends that *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 522 P.2d 822 (1974), negated the requirements: that service and filing be accomplished within 90 days of each other; that only a filing or service need be done to properly commence an action so as to toll the statute of limitations; and that the remaining action may occur at any time thereafter. We disagree. In *Curtis,* which was a foreclosure, the complaint was filed exactly 8 months after the plaintiff filed its notice of lien, and service was had upon one of the defendants 2 days thereafter. The court held that the rule of *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 P. 854 (1916),[2] had been displaced and "rendered inoperative by the adoption of the new rules of civil procedure" in 1967. *Curtis Lumber Co. v. Sortor, supra* at 767. Service of the summons was accomplished within 90 days after the filing of the complaint; the 90-day issue was not before the court; *Curtis* is not applicable.

Plaintiff next contends that RCW 4.16.180, which tolls the running of any applicable statutes of limitations when a defendant is out of state or when concealed, applies here because defendant Harold Groff was an out-of-state resident traveling within the state of Washington at the time of the accident. The plaintiff is in error. In *Smith v. Forty Million, Inc.,* 64 Wn.2d 912, 915, 395 P.2d 201 (1964), the court stated:

> that where a plaintiff has a statutory right to serve summons on the Secretary of State, as the statutory agent of the defendant, the fact that the defendant is physically absent from the state does not toll the statute of limitations.

*Cf.* RCW 46.64.040.

---

[2] *City Sash & Door Co. v. Bunn, supra,* held that in order to have "commenced" an action for the foreclosure of a lien, that service and filing must be accomplished within the 8-month period.

The fact that the defendants are out-of-state residents who can be reached under the long-arm statute, RCW 4.28.180, .185, does not toll the statute of limitations. *Summerrise v. Stephens*, 75 Wn.2d 808, 454 P.2d 224 (1969).

Lastly, plaintiff contends that the grammatical construction of the rule and the statute requires that the 90-day provision applies only to the commencement of service by publication and is not applicable to those defendants who can be served personally. Plaintiff contends that if in fact there was a requirement that personal service be accomplished within 90 days after the filing of the complaint, there should be a comma placed after publication so that the phrase RCW 4.16.170 would read:

> The plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication, within ninety days from the date of filing the complaint.

Punctuation may or may not be the determining factor in statutory construction. As the court noted in *State v. Fabbri*, 98 Wash. 207, 209, 167 P. 133, 18 L.R.A. 416 (1917):

> It seems to be the well settled rule that punctuation is a fallible standard and the last resort as an aid in the interpretation of a statute, . . .

The present statute and its predecessors have been consistently construed to apply the 90-day period to both personal service and the commencement of service by publication. *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents of Univ. of Washington, supra; State ex rel. Uland v. Uland, supra; Dolan v. Baldridge*, 165 Wash. 69, 4 P.2d 871 (1931); *McPhee v. Nida, supra*. Furthermore, the legislature is presumed to be familiar with judicial interpretations of its enactments and has not seen fit to change or modify the punctuation as those decisions have interpreted that statute. *Cf. Daly v. Chapman*, 85 Wn.2d 780, 782, 539 P.2d 831 (1975).

Therefore, we conclude that the trial court was correct in dismissing this action. The plaintiff had 90 days after filing

his action, which did toll the running of the statute of limitations for that period of time, to serve the Secretary of State pursuant to RCW 46.64.040 or to obtain personal service upon the defendants. Having done neither, the statute continued to run. By the time the matter was presented to the trial court, the statute of limitations served as a bar to the continuation of the action.

Amicus curiae, in addition to supporting the plaintiff's contention, questions the constitutionality of the rule and the statute on the grounds that the serving of one defendant in a multiple-defendant action does not serve to acquire jurisdiction over those defendants not served so as to prevent the statute of limitations from running as to the unserved defendants. He contends that inasmuch as the statute does raise that possibility, it is unconstitutional. We do not reach this issue; here neither the defendant husband nor the defendant wife was served within the statutory period. We do not propose to decide an issue on a constitutional basis that is not clearly before us.[3] Thus, the motion of amicus curiae made subsequent to oral argument to consider the constitutional issue be and is denied.

Judgment affirmed.

GREEN and McINTURFF, JJ., concur.

Petition for rehearing denied March 7, 1977.

Review denied by Supreme Court July 27, 1977.

---

[3] In *Galvanizer's Co. v. State Highway Comm'n,* 8 Wn. App. 804, 509 P.2d 73 (1973), another division of this court reviewed an action to foreclose a materialman's lien. The court held that without service of process upon a necessary party, a lien foreclosure action is absolutely void; whereas, the action is void only against any proper party not served within the statutory period. Although *Galvanizer's* was based upon *City Sash & Door Co. v. Bunn, supra* (later displaced in *Curtis Lumber Co. v. Sortor, supra*), the issue is the same: namely, whether the defendant was served within the proper time frame. The court in *Galvanizer's* held the defendants were not served within the proper time frame, as we have held these defendants were not.