[No. 7899-0-III.  Division Three.  March 12, 1987.]

GEORGE V. KAIN, *Appellant, v.* GRANT COUNTY, *Respondent.*

*Lee A. Holley* and *Scott A. Bruns,* for appellant.

*Joseph S. Montecucco* and *Turner, Stoeve, Gagliardi &
Goss,* for respondent.

MUNSON, J.—George V. Kain appeals the trial court's
entry of summary judgment dismissing his action against
Grant County. He contends Grant County should be
estopped from raising the statute of limitation as a defense
because of the failure of the Sheriff to timely serve the
summons and complaint. We affirm.

An automobile accident resulted in injuries to Mr. Kain.
He contended the County's negligence caused the accident.
On March 21, 1985, 1 day before the 3–year statute of limi-
tation was to run on his claim, Mr. Kain filed a summons
and complaint. He sent copies of the summons and com-
plaint to Palmer Process Service in Seattle, with accompa-
nying written instructions. The instructions stated that the
documents were to be served on:

Grant County,
Board of Commissioners
Grant County Courthouse
Ephrata, Washington (P.O. Box 37)

. . .
Statute Running

On April 2, 1985, Palmer forwarded the summons and
complaint to the Grant County Sheriff's Department for
service upon the County. Palmer enclosed the following
written instructions with the documents:

Please serve the enclosed documents on: Grant County
Board of Commissioners
Grant County Courthouse
Ephrata, Wa

Sometime between April 2 and April 14, Civil Deputy Sheriff Marie Taylor received a telephone call from a Palmer employee advising that Palmer had not received a return of service of process; the employee inquired why the summons and complaint had not yet been served on the county commissioners. Deputy Taylor, a civil deputy since 1966, replied service on the board of county commissioners was unusual, informing the caller that proper service would ordinarily be on the county auditor. The caller stated Mr. Kain's attorney had been explicit in his request that the board be served; the caller requested the department not to deviate from those instructions. On April 16, the Sheriff, following Palmer's written instructions, served two of the county commissioners. The return of service was sent to Palmer that day.

On April 25, Grant County served its notice of appearance on Mr. Kain's attorney, specifically reserving the right to claim insufficiency of the service of process and raise the defense of the statute of limitation. The Grant County auditor was never served. Mr. Kain's attorney apparently did not receive a copy of the return of service from Palmer until July 10.

Grant County moved for summary judgment for failure to timely serve the county auditor.[1] *Nitardy v. Snohomish Cy.*, 105 Wn.2d 133, 712 P.2d 296 (1986); RCW 4.28.080. The trial court granted summary judgment of dismissal. Mr. Kain appeals.

The rule on granting summary judgment need not be repeated. Mr. Kain maintains reasonable persons could find sufficient facts from which to conclude Grant County should be estopped from asserting the running of the statute since the failure to timely serve process was due to the

---

[1]Since the summons and complaint were filed 1 day before the statute of limitation ran on this claim, the plaintiff then had 90 days in which to effect service. *Fox v. Groff,* 16 Wn. App. 893, 559 P.2d 1376, *review denied,* 88 Wn.2d 1018 (1977); RCW 4.16.170. That 90–day period tolled the running of the statute; it expired June 19, 1985.

intentional acts of the County's own agents. He further speculates on the possibility of connivance or conspiracy as a reason for not serving the county auditor.

*Group Health Coop. of Puget Sound, Inc. v. Department of Rev.*, 106 Wn.2d 391, 407, 722 P.2d 787 (1986) (quoting *Harbor Air Serv., Inc. v. Board of Tax Appeals*, 88 Wn.2d 359, 366–67, 560 P.2d 1145 (1977)) sets forth the necessary elements for the application of the doctrine of estoppel:

> (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

Here, Mr. Kain failed to present any facts indicating the Grant County Sheriff's Department intentionally interfered with his access to the courts. The Sheriff served the documents pursuant to the specific instructions received from Palmer. The return of service clearly shows the Sheriff had served only the two commissioners. The Sheriff never claimed otherwise. The fact counsel did not receive the return of service from Palmer until after the 90–day period expired is not the fault of the Sheriff.

Moreover, process servers only act upon information supplied by the party requesting service. Consequently, the plaintiff bears the ultimate responsibility of ensuring that jurisdiction is acquired over the defendant by specifically directing service upon the proper party or entity. In this case, Mr. Kain made no inquiries as to the status of the service of process even after receiving the Grant County notice of appearance. The notice of appearance was received by Mr. Kain almost 2 months prior to the expiration of the 90–day period in which service was required. Under these circumstances, as between Mr. Kain who failed to ensure that process was properly served and Grant County, whose agents complied with Mr. Kain's explicit instructions (as relayed through Palmer), the responsibility for improper service must fall on Mr. Kain.

We affirm the summary judgment.

THOMPSON, A.C.J., and GREEN, J., concur.

Review denied by Supreme Court June 2, 1987.