# In the

# United States Court of Appeals

## For the Seventh Circuit

––––––––––––

No. 02-4317

JAMES O. PAIGE, SR.,

*Plaintiff-Appellant*,

v.

SHEILA HUDSON, *et al.*,

*Defendants-Appellees.*

––––––––––––

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 01-CV-332—**William C. Lee**, *Judge.*

––––––––––––

SUBMITTED JULY 23, 2003—DECIDED AUGUST 28, 2003

––––––––––––

Before CUDAHY, POSNER, and RIPPLE, *Circuit Judges.*

POSNER, *Circuit Judge.* As a condition of probation, Indiana offender James Paige was required by the sentencing court to spend six months in a "home detention" program run by Allen County Community Corrections, a public body. The ACCC requires participants in the program to obtain full-time employment unless (so far as bears on this case) they are mentally disabled. Paige did not obtain full-time employment, claiming to be mentally disabled. Unpersuaded by the evidence of mental disability that he produced, the ACCC terminated Paige from the program and so advised Paige's probation officer, who in turn petitioned the court to revoke his probation and obtained an arrest warrant pursuant to which Paige was arrested and

spent three days in jail before posting bond. At the probation revocation hearing that followed, Paige presented additional evidence of mental disability. The court was convinced, declined to revoke his probation, and ordered him reinstated in the home-detention program with credit for the days he had missed when the ACCC had terminated him. Paige then brought this suit against officials of the ACCC under 42 U.S.C. § 1983, contending that the due process clause of the Fourteenth Amendment required the ACCC before terminating him from its program to give him a hearing that satisfied the requirements of due process of law, which, he claimed, the ACCC had not done. The district court granted summary judgment for the defendants.

There is an initial question whether being removed from a home-detention program into jail is a sufficiently large incremental reduction in freedom to be classified as a deprivation of liberty under the *Sandin* doctrine, *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Thielman v. Leean*, 282 F.3d 478, 482 (7th Cir. 2002); *Mitchell v. Horn*, 318 F.3d 523, 531-32 (3d Cir. 2003), since, if not, Paige has no right to due process of law. We think it is a sufficient reduction, while acknowledging that it is less than the reduction of liberty that comes about when someone on parole or equivalent status is reincarcerated, as in *Young v. Harper*, 520 U.S. 143, 147-48 (1997); *Holcomb v. Lykens*, 337 F.3d 217, 221-23 (2d Cir. 2003); *Friedl v. City of New York*, 210 F.3d 79, 82 (2d Cir. 2000), and *Benny v. United States Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002). The difference between being confined in a jail and being confined to one's home is much greater than the difference between being a member of the general prison population and an inmate of a prison's segregation wing, the sort of difference that *Sandin* refused to characterize as the difference between having liberty and being deprived of it.

But there is a separate question whether *ACCC* deprived Paige of his liberty. Unlike the parole officials in the cases cited above, ACCC has no power to order a participant in its home-detention program jailed. Only the court can do that. All ACCC can do is inform the participant's probation officer of a probable violation of a condition of probation. It is up to the probation officer and the court to decide whether to proceed further. The probation officer must decide whether to arrest the participant and seek revocation of his probation, and the court must decide, if revocation is sought, whether to grant it. The ACCC has no power over these decisions. It is not suggested that the ACCC was acting in bad faith or recklessly in concluding that Paige might be violating the terms of his probation, and so there is no basis for supposing that it violated section 1983 by improperly procuring his arrest. *Neiman v. Keane*, 232 F.3d 577, 579-80 (7th Cir. 2000); *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003); *Loria v. Gorman*, 306 F.3d 1271, 1289 (2d Cir. 2002). Hence it had no more obligation to give him a hearing than anyone else does who merely informs the authorities of a probable violation of law. Not it, but the probation officer, and the state court that issued the warrant at the officer's request, deprived Paige of liberty.

AFFIRMED.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*