┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2016[*]
Decided June 24, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2178

| | |
|---|---|
| DANIEL STORM, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 14-cv-1037-pp |
| | |
| UNITED STATES PAROLE COMMISSION, | Pamela Pepper |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Daniel Storm appeals from the denial of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2241, which challenges a modification to the conditions of his lifetime term of "special parole." Special parole is a type of post-imprisonment supervision imposed for drug crimes before its replacement by supervised release in the late 1980s. *See Gozlon-Peretz v. United States*, 498 U.S. 395, 399–401 (1991); *Edwards v. Cross*, 801 F.3d 869, 871 (7th Cir. 2015). Special parole differs significantly from supervised

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

release, which replaced it, because the former is administered by the United States Parole Commission rather than the judicial branch. *Evans v. U.S. Parole Comm'n*, 78 F.3d. 262, 263–264 (7th Cir. 1996). Storm contends that the Commission denied him due process by adding 60 days of home confinement to the conditions of his special parole without an in-person hearing. We disagree and uphold the district court's denial of his petition.

Storm, who later changed his name from Daniel Slaughter, was convicted of drug-related crimes and sentenced in 1987 to a total of 10 years' imprisonment, 5 years' probation, and a life term of special parole. *See United States v. Rollins*, 862 F.2d 1282, 1286 (7th Cir. 1988). Two years later he was convicted of tax evasion and selling firearms without a license and sentenced to 10 more years' imprisonment to run consecutively to his other prison terms. *See Storm v. U.S. Parole Comm'n*, No. 14-cv-405-pp, 2015 WL 3936839, at *1 (E.D. Wis. June 26, 2015). Storm initially was paroled in 1992, but three times his parole was revoked, and thus he did not discharge all of his prison terms and begin serving his term of special parole until November 2013. *See id.*

In August 2014, Storm's parole officer accused him of violating the conditions of his special parole by traveling outside the judicial district without permission and contacting federal prisoners by e-mail. She had learned about these violations, the parole officer said, from contacts at the Bureau of Prisons and the operator of a ferry running between Milwaukee and Michigan. The parole officer recommended to the Parole Commission, not that Storm's term of special parole be revoked, but that Storm be required to serve 60 days of home confinement with electronic monitoring. The Commission accepted that recommendation (though it has never been implemented), and Storm filed an administrative appeal with the Commission's National Appeals Board.

While that appeal was pending, Storm petitioned for habeas corpus under § 2241 claiming that the Commission's addition of home confinement violated his right to due process. He argued that imposing home confinement was an overreaction to his violations and that the Commission should have convened a revocation hearing before making that modification. The Commission moved to dismiss the § 2241 petition for lack of exhaustion, but the district court denied that motion after the Appeals Board upheld the home-confinement modification. Meanwhile, although no stay is in place, Storm's parole officer has not taken any step to carry out that modification.

The district court denied Storm's § 2241 petition in May 2015. The court first concluded that the Parole Commission is not required to conduct an in-person hearing before modifying conditions of special parole (as opposed to revoking a term of special parole). The court then found that placing Storm on home confinement for 60 days was reasonable in light of his conduct.

On appeal Storm continues to insist that the Parole Commission denied him due process by imposing home confinement without first conducting a revocation hearing. A formal hearing was necessary, Storm reasons, because 18 U.S.C. § 4209(c) characterizes home confinement as "an alternative to incarceration." And since special parole cannot be converted to imprisonment without a revocation hearing, Storm continues, neither may the Parole Commission impose home confinement without a revocation hearing.

Storm's use of § 2241 is appropriate because his effort to avoid spending 60 days on home confinement is a challenge to the execution of his sentence. *See Cross*, 801 F.3d at 873; *Edwards v. Dewalt*, 681 F.3d 780, 784 (6th Cir. 2012). Our review, however, is "extremely limited." *Luther v. Molina*, 627 F.2d 71, 75–76 (7th Cir. 1980). Because Congress committed parole decisions to the Commission's discretion, *see* 18 U.S.C. §§ 4203(b), 4218, we cannot disturb those decisions unless they are arbitrary or contravene applicable constitutional, statutory, or regulatory provisions, *see Pulver v. Brennan*, 912 F.2d 894, 896 (7th Cir. 1990); *Schiselman v. U.S. Parole Comm'n*, 858 F.2d 1232, 1237 (7th Cir. 1988); *Luther*, 627 F.2d at 76; *Tijerina v. Thornburgh*, 884 F.2d 861, 864 (5th Cir. 1989).

We are not persuaded by Storm's contention that the Parole Commission was obliged to conduct a revocation hearing before placing him on home confinement. The Commission has broad authority to "modify conditions of parole" so long as the parolee is given 10 days "to express his views on the proposed modification." 18 U.S.C. § 4209(d)(1); 28 C.F.R. §§ 4.40, 2.57. Storm does not agree with the Commission's assessment that home confinement is necessary, but he was given an opportunity to comment on his parole officer's proposal, and that was all the process he was due under the circumstances.

It is true that parolees are entitled to greater procedural protections when the Commission seeks to revoke—rather than modify—a term of special parole, *see* 18 U.S.C. § 4214; 28 C.F.R. §§ 4.40, 2.52, 2.57, but Storm's special parole was not *revoked* by the Commission's command that he stay at home for 60 days. One of the

"special" features of special parole is that, when revoked, "its full length becomes a term of imprisonment," *Evans*, 78 F.3d at 263, which means that Storm would necessarily receive a life sentence if his special parole were revoked. Although it is possible that Storm could be paroled again following any revocation, this feature of the special parole regime illustrates why a directive that briefly places a special parolee on home confinement cannot be equated with an order revoking special parole entirely. *Cf. Paige v. Hudson*, 341 F.3d 642, 643–44 (7th Cir. 2003) (recognizing that being confined in jail entails a significantly greater deprivation of liberty than does home confinement); *United States v. Elkins*, 176 F.3d 1016, 1020–21 (7th Cir. 1999) (same); *United States v. Swigert*, 18 F.3d 443, 445 (7th Cir. 1994) (same). It also illustrates why Storm is not entitled to all of the procedural protections that would accompany a revocation proceeding. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (recognizing that "due process is flexible and calls for such procedural protections as the particular situation demands").

Storm also faults the district court for not conducting an evidentiary hearing before ruling on his § 2241 petition. But Storm's petition hinged entirely on the legal question whether he was entitled to a revocation hearing before the imposition of home confinement, and a district court need not hold an evidentiary hearing where a petition for a writ of habeas corpus raises only issues of law. 28 U.S.C. § 2243; *Jeter v. Keohane*, 739 F.2d 257, 257 n.1 (7th Cir. 1984).

AFFIRMED.