**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| EMMANUEL ROY, | ) | No. 39201-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PIONEER HUMAN RESOURCES, INC.; | ) | PUBLISHED OPINION |
| SPOKANE RESIDENTIAL REENTRY | ) | |
| CENTER; DAN SIGLER; CARLOS | ) | |
| SOLORZA; and SUSAN JOHNSON- | ) | |
| CONNORS, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — Emmanuel Roy sued Pioneer Human Services and several of its employees (collectively Pioneer)[1] for tort claims related to his removal from home confinement and remand to a detention facility within the Federal Bureau of Prisons (BOP). Pioneer successfully moved to dismiss Mr. Roy's claims, arguing that detention decisions lie with the BOP, not Pioneer, and that removal from home confinement is not a legally cognizable injury.

We reverse. The fact that Pioneer is not directly responsible for detention decisions does not free it from potential liability. As is generally true of third parties in the context of false arrest or imprisonment, Pioneer can be liable if it engaged in wrongful conduct

---

[1] The complaint incorrectly identified Pioneer as Pioneer Human Resources.

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

that caused the BOP to revoke Mr. Roy's home confinement. In addition, removal from home detention is an injury that can result in tort damages. Although home confinement is a form of custody, it is qualitatively different from other forms of detention. An inmate has a significant liberty interest in maintaining placement in home confinement and can therefore assert a tort claim for wrongful deprivation of this interest.

Mr. Roy's claims against Pioneer should not have been summarily dismissed based on the failure to assert a cognizable type of harm by a potentially liable defendant. We therefore remand for further proceedings.

FACTS

Because this appeal arises from the trial court's grant of Pioneer's CR 12(b)(6) motion, the allegations in Emmanuel Roy's complaint are presumed to be true. *Tenore v. AT&T Wireless Servs*., 136 Wn.2d 322, 330, 962 P.2d 104 (1998).

In 2018, BOP inmate Emmanuel Roy was transferred to a Spokane residential reentry center operated by Pioneer. A month later, the BOP placed Mr. Roy on home confinement.

While on home confinement, Mr. Roy received a job offer from Revive Counseling. Mr. Roy requested approval of this employment, but during the process

2

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

Pioneer allegedly misrepresented Mr. Roy's anticipated job duties.[2] Mr. Roy then sent a letter to the Office of Inspector General, requesting an investigation of Pioneer. Pioneer received a copy of Mr. Roy's letter. After that point, Pioneer allegedly began a retaliatory campaign against Mr. Roy. According to Mr. Roy, Pioneer first confiscated his phone, which prevented him from communicating with Revive and caused him to lose his job. Then Pioneer caused Mr. Roy to be arrested, removed from home confinement, and returned to a detention facility.

Mr. Roy subsequently filed a pro se complaint in Spokane County Superior Court against Pioneer and several of its employees alleging multiple intentional and negligence tort claims. The claims included false arrest/imprisonment, abuse of process, tortious interference with employment, breach of fiduciary duty, breach of statutory duty, failure to train and supervise, fraud, and retaliation.

Pioneer moved to dismiss Mr. Roy's claims under CR 12(b)(6). The night before the trial court's hearing on the dismissal motion, Mr. Roy e-mailed an amended complaint, naming additional parties and two new causes of action, to Pioneer's counsel.

---

[2] Because the only facts before us are those set forth in Mr. Roy's complaint, we do not know the details of how Mr. Roy sought approval and whether the approval process flowed through Pioneer, the BOP, or both. Nor do we know what kind of misrepresentation allegedly occurred.

3

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

At the hearing, the trial court confirmed it had Mr. Roy's amended complaint, because it had been filed one week prior to the hearing, but declined to consider the amended complaint because it had not been properly served. The court then granted the motion to dismiss, explaining that because Mr. Roy was an inmate in the BOP, none of his claims applied to Pioneer.

Mr. Roy timely appeals.

ANALYSIS

The primary issue on appeal is whether Mr. Roy's complaint alleged sufficient facts to overcome Pioneer's motion to dismiss under CR 12(b)(6). Our review is de novo. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014). Dismissal under CR 12(b)(6) is appropriate only if the plaintiff cannot prove any set of facts consistent with the complaint that would warrant relief. *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 750, 888 P.2d 147 (1995).

Mr. Roy has asserted several tort claims against Pioneer, all of which require proof of causation and damages. According to Pioneer, Mr. Roy has not alleged facts sufficient for either requirement.[3] As to causation, Pioneer points out that all decisions regarding

---

[3] Pioneer does not appear to allege that the elements of causation and damages differ between the various tort claims.

4

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

placement of federal inmates fall to the BOP; thus, Pioneer cannot bear any responsibility for wrongful revocation decisions. With respect to damages, Pioneer contends that a change in custody status from home confinement to incarceration is not an injury to liberty that can be compensable. We reject Pioneer's arguments as to causation and damages and address each issue in turn.

*Causation can be attributed to Pioneer*

Mr. Roy was in the custody of the BOP. As such, the authority to remove Mr. Roy from home confinement rested exclusively with the BOP, not Pioneer. *See* 18 U.S.C. §§ 3621(b), 3624(c)(4). Pioneer did not have custodial authority over Mr. Roy. Its role was simply to provide the BOP with information about Mr. Roy's conduct, which the BOP could use to make placement decisions.

The mere fact Mr. Roy was in BOP custody does not automatically shield Pioneer from responsibility for the BOP's placement decisions. Pioneer certainly cannot be blamed simply for providing truthful information that would be used by the BOP to effect an arrest and subsequent detention. *See Paige v. Hudson*, 341 F.3d 642, 644 (7th Cir. 2003); *McCord v. Tielsch*, 14 Wn. App. 564, 566-67, 544 P.2d 56 (1975). But as is true of other private actors, Pioneer can suffer tort liability if it contributes to another's *unlawful* arrest or detention. *See Creelman v. Svenning*, 1 Wn. App. 402, 405, 461 P.2d 557 (1969)

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

(A third party may be liable for malicious prosecution based on supplying false or misleading information.); RESTATEMENT (SECOND) OF TORTS § 37 (Am. Law Inst. 1965). An arrest that is without probable cause because it is based on purposefully false information would be unlawful. *See Turngren v. King County*, 104 Wn.2d 293, 304, 309, 705 P.2d 258 (1985) (Liability for false imprisonment and malicious prosecution may be based on defendants deliberately conveying false information to support probable cause.).

Mr. Roy has alleged that Pioneer supplied false information to the BOP and that this false information caused the BOP to unlawfully revoke his home detention. Causation therefore can be attributed to Pioneer. Dismissal was unwarranted on this basis.

*Wrongful removal from home detention is an injury to liberty*

Mr. Roy's claim for damages centers on his contention that he was wrongfully deprived of his liberty. Pioneer disputes that Mr. Roy has asserted any deprivation of liberty that could justify a damage award.

The law is settled that an inmate has no liberty interest in being confined at a particular facility. *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983); *In re Pers. Restraint of Matteson*, 142 Wn.2d 298, 314, 12 P.3d 585 (2000). Federal and state case law recognize that the placement of an incarcerated individual is dictated by the needs of the detention authority. *Olim*, 461 U.S. at 245-47; *Matteson*,

6

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

142 Wn.2d at 313-14. Although an inmate may prefer to be placed at a facility close to home or with a lower security level, such preferences do not amount to a protected liberty interest. *See Matteson*, 142 Wn.2d at 313-14. A detention authority's decision to move an inmate from one institution to another is therefore not the type of harm that can be compensable in tort.

Inmates also do not enjoy a liberty interest in the mere possibility of prerelease confinement. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979); *In re Pers. Restraint of Ayers*, 105 Wn.2d 161, 164, 713 P.2d 88 (1986). Under federal law, the BOP is authorized to grant inmates prelease custody on home detention. 18 U.S.C. § 3624(c)(2). However, such placements are not required. *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992). Given this lack of liberty interest, a deprivation of discretionary pretrial release—no matter how seemingly unfair—is not an injury for purposes of a tort claim.

But once an individual is released from a detention facility, the calculus changes. *Greenholtz*, 442 U.S at 9; *Ayers*, 105 Wn.2d at 165. Individuals on home detention do not merely have the hope of liberty, they possess liberty itself. *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 882 (1st Cir. 2010). While there are restrictions, individuals on home detention have significant autonomy over daily decisions, such as what to eat,

7

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

how to dress, and where to worship. They also enjoy the freedom to associate with loved ones. Ejecting an inmate from home detention is qualitatively different from merely moving someone from one facility to another or from denying an inmate the discretionary possibility of prerelease home confinement. Removal involves a deprivation of liberty interest that is legally cognizable in tort. *See Paige*, 341 F.3d at 643-44; *Ortega v. U.S. Immigr. & Customs Enf't*, 737 F.3d 435, 439 (6th Cir. 2013).

Mr. Roy's complaint alleges he was removed from prerelease home confinement and returned to a BOP facility. This constitutes an interference with an established liberty interest and is therefore an injury that can support a tort claim and request to make whole. Damages may include compensation for unlawful restraint, loss of time, physical discomfort or inconvenience, mental suffering, and income lost while restrained. *See, e.g.*, *Dancy v. McGinley*, 843 F.3d 93, 114 (2d Cir. 2016); *Banks v. Fritsch*, 39 S.W.3d 474, 479 (Ky. Ct. App. 2001).

*Remand is required*

The parties' briefing before the trial court and on appeal has focused on the foregoing issues of causation and damages. There has not been any meaningful analysis of whether Mr. Roy can establish facts in support of the remaining elements of his various tort claims. In light of our assessment of causation and damages, it is likely Mr. Roy has

8

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

asserted sufficient facts to establish a claim of false arrest and imprisonment. *See, e.g.,*

*Youker v. Douglas County*, 162 Wn. App. 448, 465, 258 P.3d 60 (2011). But we decline

to engage in a one-sided analysis of Mr. Roy's various claims. Instead, remand is

warranted.

*Amendment of complaint*

The only remaining issue on appeal pertains to whether the trial court erred by

refusing to allow Mr. Roy to amend his complaint. This is a rule-based issue, reviewed

de novo. *Hanson v. Luna-Ramirez*, 19 Wn. App. 2d 459, 461, 496 P.3d 314 (2021).

At the time of the superior court hearing, Mr. Roy had not validly served his

amended complaint in person or by mail as required by CR 5(b)(1)-(2). Thus, as pointed

out by Pioneer's attorney at the time of the superior court hearing, service was not

effective. *See* Rep. of Proc. (Sept 16, 2022) at 5-6 ("As far as receiving the amended

Complaint, we got it by e-mail last night, late last night. So it has not been properly

served. It's obviously not properly in front of the Court."). Because service of the

amended complaint had not been completed, the court could not consider the amended

complaint at the hearing on the motion to dismiss. *See State ex rel. Uland v. Uland*, 36

Wn.2d 176, 179, 216 P.2d 756 (1950) (The act of filing a pleading "becomes a nullity"

without service.).

9

No. 39201-5-III
*Roy v. Pioneer Hum. Res., Inc.*

The trial court did not err in refusing to consider Mr. Roy's amended complaint. Reversal is not warranted on this basis. Our decision in this regard is without prejudice to future attempts on remand to amend the complaint.

CONCLUSION

The order dismissing Mr. Roy's complaint is reversed. This matter is remanded for further proceedings. Mr. Roy's motion for disqualification of counsel and sanctions is denied.

_____
Pennell, J.

WE CONCUR:

_____    _____
Fearing, C.J.                               Lawrence-Berrey, J.